[No. 2571-1.    Division One.    November 4, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD RAY DAVIS, *Appellant.*

*Snure & Gorham* and *James L. Varnell,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *C. William Bailey, Deputy,* for respondent.

FARRIS, J.—Donald Ray Davis, charged with the unlawful and felonious possession of a controlled substance and narcotic drug, cocaine, appeals his conviction. The matter was tried to the court without a jury.

The sole issue on appeal is whether the trial court erred in failing to grant a motion to suppress the evidence for the reason that it was obtained in violation of Davis' rights as guarantied under article 1, section 7 of the Washington State Constitution and the fourth amendment to the United States Constitution.

On April 23, 1973, Davis was a passenger in an automobile which was being driven in an erratic manner by another party. When stopped, the driver had a valid Washington state operator's license but was unable to produce registration on the vehicle. Neither she nor her passenger, Davis, owned the car. The window on the driver's side was out and had been partially replaced with a Viscuyne plastic material. After waiting a disputed period of time for the driver to produce the registration, the officer turned to the passenger and asked him for his identification. Davis, whom the officer recognized, produced an identification card that did not correctly identify him. He was then asked by the officer to exit the vehicle and produce further identification. He stated that he had no other identification; the officer asked him to look a little closer, which he did. The officer

saw a green piece of paper resembling a traffic citation in Davis' wallet and asked to see it, whereupon Davis threw the wallet into a field beside the roadway. A warrants check revealed certain outstanding traffic warrants for which Davis was arrested. The wallet was recovered, inventoried and found to contain a packet of cocaine.

The initial stop and questioning of the driver of the car is not attacked on appeal. It is recognized that the officer followed the usual and proper procedure in response to the erratic movement of a car on a public road. The question is whether the investigation properly shifted to Davis. Everything to which Davis objects flowed from the officer's request for his identification.

In determining whether a particular inquiry is reasonable under the Fourth Amendment, we must

> focus upon the governmental interest which allegedly justifies official intrusion upon the constitutionally protected interests of the private citizen," for there is "no ready test for determining reasonableness other than by balancing the need to search [or seize] against the invasion which the search [or seizure] entails." *Camara* v. *Municipal Court*, 387 U. S. 523, 534-535, 536-537 (1967).

*Terry* v. *Ohio*, 392 U.S. 1, 20-21, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1967).

A momentary intrusion into a person's privacy for questioning can be justified on grounds which would not constitute probable cause to arrest, but in either instance the burden is upon the State to

> [justify] the particular intrusion . . . [by pointing] to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.

(Footnote omitted.) *Terry* v. *Ohio, supra* at 21; *see also United States* v. *Nicholas,* 448 F.2d 622 (8th Cir. 1971); *United States* v. *Harflinger,* 436 F.2d 928 (8th Cir. 1970). The standard governing a court's consideration of the justification is an objective one; do the facts " 'warrant a man of reasonable caution . . .' " to believe "that the action taken was appropriate?" *Terry* v. *Ohio, supra* at 22.

The State would justify the request for Davis' identification on the ground that the officer had a reasonable suspicion that the car was stolen. "Suspicion," in the absence of some specific factual basis, is insufficient to support an intrusion, but here the officer testified that he believed further investigation was indicated because (1) the broken and repaired window on the driver's side of the car resembled a mode of entry frequently observed in stolen cars, (2) the driver was unable to produce a registration for the car, and (3) on a prior occasion he had seen Davis in the company of one who was suspected of auto theft. The trial court apparently believed his testimony. We find it sufficient, if believed, to meet the constitutional requisite for the limited intrusion here. Whether such testimony would support an intrusion greater than a mere request to produce identification is not before us, but where, as here, a police officer has a reasonable ground to suspect that a car may be stolen, identifying all occupants of the car to facilitate further questioning should the car in fact prove to be stolen, is not constitutionally improper.

We do not retreat from what we said in *State v. Brown,* 9 Wn. App. 937, 940, 515 P.2d 1008 (1973):

> Searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions.

Even though we find no reasonable ground for an arrest or probable cause for a search of Davis, the testimony of the officer, if believed, provided a reasonable ground for the request that Davis identify himself. The inquiry under the circumstances constituted reasonable investigation.

> It is only by alertness to proper occasions for prompt inquiries and investigations that effective prevention of crime and enforcement of law is possible. Government agents are commissioned to represent the interests of the public in the enforcement of the law and this requires affirmative action not only when there is reasonable

ground for an arrest or probable cause for a search but when there is reasonable ground for an investigation.

*Brinegar v. United States*, 338 U.S. 160, 179, 93 L. Ed. 1879, 69 S. Ct. 1302 (1949) (Burton, J., concurring).

The recovery and inventory of the wallet *after it was abandoned* by Davis did not exceed the bounds of reasonable police investigation.

Affirmed.

SWANSON, C.J., and HOROWITZ, J., concur.