[No. 3014-2. Division Two. October 12, 1978.]

THE STATE OF WASHINGTON, *Appellant*, v. LOUANNE MARIE LARSON, *Respondent*.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for appellant.

*Lawrence W. Moore,* for respondent.

PEARSON, C.J.—Defendant was arrested for possession of marijuana. At an omnibus hearing, the trial court ordered suppression of the evidence and dismissed the charge on the ground that police had no legal justification for stopping defendant or requesting her to produce identification. The State appeals pursuant to RAP 2.2(b)(2).[1] We reverse and remand the case to the Superior Court.

The only issue in the case is whether the undisputed facts justified an investigatory detention.[2] The record showed that on Wednesday, March 2, 1977, a Tacoma police cruiser spotted a Volkswagen parked on South G Street, next to Wright Park, at 3:10 a.m. The vehicle was parked over 1 foot from the curb in a no–parking zone. The park was closed at that time, and police said the vehicle "was not really parked any place which would make it logical to be visiting one of the residents in that area." Police also stated that they regularly patrolled that area because of frequent burglaries, and it was unusual to see a car parked in that location at that time in the morning. As they pulled up behind the car, the driver started it up and tried to drive away. Police flashed their emergency lights and stopped the car.

The car was occupied by three persons, two males and one female. One of the males was driving. Police asked each

---

[1]RAP 2.2(b) provides: "The State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:

". . .

"(2) *Pretrial Order Suppressing Evidence.* A pretrial order suppressing evidence, if the trial court expressly finds that the practical effect of the order is to terminate the case."

[2]Defendant does not challenge police statements that they discovered the contraband in plain view.

person for identification and an explanation for his presence in the area. As the defendant opened her purse to get her identification, police shone their flashlights at her and saw a plastic baggie containing marijuana in the purse. Defendant was arrested and charged with possession of a controlled substance. Subsequently, she requested. a suppression hearing. She testified that police had made insulting remarks to her during her arrest, calling her a prostitute and a drug pusher. However, she did not contradict any of the police testimony regarding the circumstances leading up to the investigatory detention. Nevertheless, the trial court suppressed the evidence on the ground that the police "didn't have a proper legal foundation to ask for identification before they inquired further of her."

██ Our Supreme Court has repeatedly stated that citizens may be briefly detained as part of a police investigation under circumstances not otherwise justifying arrest. *State v. Byers,* 85 Wn.2d 783, 539 P.2d 833 (1975), *rev'd on other grounds,* 88 Wn.2d 1, 559 P.2d 1334 (1977).

> [W]here officers entertain a well–founded suspicion not amounting to probable cause, they may stop the suspected person, identify themselves and require the suspect to identify himself and explain his activity . . .

*State v. Gluck,* 83 Wn.2d 424, 426, 518 P.2d 703 (1974); *see Adams v. Williams,* 407 U.S. 143, 145–46, 32 L. Ed. 2d 612, 616–17, 92 S. Ct. 1921, 1923 (1972).

> The test of the validity of such brief detention is whether from the totality of the circumstances it appears that the detention was based upon reasonable grounds and was not arbitrary or harassing.

*State v. Byers, supra* at 787. The State has the burden of showing the detention was reasonable. *State v. Davis,* 12 Wn. App. 32, 527 P.2d 1131 (1974).

While the presence of individuals wandering abroad late at night or at an unusual hour should not of itself precipitate a police investigation, it is a circumstance justifying suspicion. *See, e.g., Seattle v. Drew,* 70 Wn.2d 405, 423 P.2d 522, 25 A.L.R.3d 827 (1967); *State v. Baxter,* 68

Wn.2d 416, 413 P.2d 638 (1966). Taking it in combination with factors such as the defendant's being seated in a car parked in a no–parking zone near a closed park in an area where numerous burglaries had occurred previously, police suspicion of illegal conduct was justifiable. Under such circumstances, the police may ask for identification from passengers as well as the driver. *State v. Davis, supra. See also State v. Serrano,* 14 Wn. App. 462, 544 P.2d 101 (1975). Simply put, defendant's right of privacy does not include the right to remain in an off–limits area unexplained. *See generally People v. De Bour,* 40 N.Y.2d 210, 352 N.E.2d 562, 386 N.Y.S.2d 375 (1976).

While the trial court had the benefit of observing the witnesses' demeanor, the pertinent facts are not disputed. Therefore, the trial court's conclusion deserves no special deference because it is a conclusion of law. *State v. Byers, supra* at 786. Defendant's contention that this was a "harassing" arrest is refuted by the State's articulation of the specific facts which aroused the officer's suspicion.[3]

Accordingly, we reverse the Superior Court's order suppressing evidence and remand the case for trial.

PETRIE and SOULE, JJ., concur.

Reconsideration denied November 7, 1978.

Review granted by Supreme Court February 16, 1979.

---

[3]Any derogatory remarks made to the defendant after the stop and during the arrest are unprofessional, but irrelevant to the issue on appeal.