773 P.2d 482

**STATE of Arizona, Appellee,**

v.

**Maurice Ricky WHITE, Appellant.**

**No. 1 CA–CR 88–395.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 23, 1989.

Reconsideration Denied April 3, 1989.

Review Denied June 13, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III Chief Counsel, Crim. Div. and Diane Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

## OPINION

CONTRERAS, Judge.

In this criminal appeal, we consider the question of whether the imposition of consecutive sentences on four of the five separately charged offenses for which appellant was convicted violates either the state or federal double jeopardy clauses or the Arizona double punishment statute, A.R.S. § 13–116. We conclude that there is no constitutional or statutory violation, and

that the trial court properly imposed consecutive sentences. Appellant's convictions and sentences are affirmed.

Appellant was involved in an accident in which four teenagers walking alongside the road were struck by a motor vehicle he was operating. Appellant fled the scene of the accident without rendering aid to the victims. One of the victims died, a second was seriously and permanently injured, and the other two were less severely injured. There was evidence that appellant was extremely intoxicated at the time of the accident.

Appellant subsequently entered a plea of no contest to the five separately charged offenses consisting of: 1) hit and run, in violation of A.R.S. § 28–661; 2) manslaughter, in violation of A.R.S. § 13–1103; 3) aggravated assault, in violation of A.R.S. § 13–1204; 4) assault, in violation of A.R.S. § 13–1203; and 5) endangerment, in violation of A.R.S. § 13–1201. Sentences of varying lengths were imposed and each sentence was to be consecutive to all other sentences.[1] Appellant was sentenced to a total term of 21.7 years' imprisonment.

Appellant filed an appeal claiming that the trial court erred in imposing consecutive sentences for his manslaughter, aggravated assault, assault, and endangerment convictions. Specifically, appellant contends that the imposition of consecutive sentences in this case constitutes a violation of the state and federal double jeopardy clauses as well as a violation of Arizona's double punishment statute because he is being punished with consecutive sentences for his single act of recklessness.

As an initial matter, we consider the question of whether appellant has waived his right to appeal from the consecutive sentences imposed as a result of his failure to object to consecutive sentencing when that possibility was explained to him at the plea agreement proceeding. Generally, a plea of no contest constitutes a waiver of all non-jurisdictional defenses that arose before the plea was entered. *State v. Owens*, 127 Ariz. 252, 253, 619 P.2d 761, 762 (App.1980). However, even when an error is not timely objected to at the trial court level, the right to raise the matter on appeal is nevertheless preserved when the alleged error is fundamental. *State v. Henley*, 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984). In this case, the only asserted error is the alleged illegality of the consecutive sentences imposed. We conclude that where the basis of the asserted error is the alleged illegality of the sentence imposed on the appellant, the error is fundamental and may not be waived. *See, e.g., State v. Herrera*, 131 Ariz. 35, 37–38, 638 P.2d 702, 704–05 (1981) (although appellant voluntarily entered into plea agreement, court remanded for resentencing because it concluded that even though plea and judgment of guilt were proper, the sentence was not). Accordingly, we proceed to consider the merits of appellant's appeal.

Appellant's first contention is that the imposition of consecutive sentences arising from his single act unconstitutionally places him in jeopardy more than once for the same offense in violation of the federal and state double jeopardy clauses of the respective constitutions.[2] This court has previously held, however, that for purposes of the state and federal double jeopardy clauses the term "offense" refers to the result of the act rather than the act itself so that a defendant may be charged with each and every criminal result flowing from his single act. *See State v. Gunter*, 132 Ariz. 64, 69, 643 P.2d 1034, 1039 (App. 1982). The *Gunter* court specifically rejected an argument that the term "offense" should be defined in terms of the defendant's intent in undertaking the ac-

---

1. On March 28, 1988, appellant was sentenced as follows:
    1) hit and run, a class 6 felony—aggravated term of 1.6 years;
    2) manslaughter, a class 3 felony—aggravated term of 9 years;
    3) aggravated assault, a class 3 felony—aggravated term of 9 years;

    4) assault, a class 1 misdemeanor—five months in the Yavapai County Jail; and
    5) endangerment, a class 6 felony—aggravated term of 1.6 years.

2. U.S. Const. amend. V; Ariz. Const. art. II, § 10.

tion. *Id.* at 69–70, 643 P.2d at 1039–40. Instead, the court noted that focusing on the result of the act rather than the intent of the actor serves the general policy of the law. *Id.* at 70, 643 P.2d at 1040. Therefore, appellant's contention that he cannot be sentenced consecutively because he did not intend to injure his victims is without merit. Consequently, we reject his double jeopardy contention.

■ Appellant's second contention is that the imposition of consecutive sentences in this case violates the Arizona double punishment statute which reads: "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." A.R.S. § 13–116 (1978). We conclude that our legislature did not intend § 13–116 to preclude consecutive sentencing where a convicted defendant has injured more than one individual as a result of his single act.

In *State v. Gunter, supra,* a similar double punishment argument was rejected by this court. In *Gunter,* the appellant had been convicted on two counts of assault with a caustic chemical as a result of his single act of throwing sulfuric acid in the faces of his wife and her companion. *Id.* at 66, 643 P.2d at 1036. The court rejected appellant's contention that consecutive sentencing on the two aggravated assault charges violated the Arizona double punishment statute, concluding that the predecessor to § 13–116 "was not designed to prohibit prosecution and punishment for an act which harms more than one person." *Id.* at 70, 643 P.2d at 1040.

In reaching this conclusion, the *Gunter* court relied heavily on a California case, *Neal v. State,* 55 Cal.2d 11, 9 Cal.Rptr. 607, 357 P.2d 839 (1960), *cert. denied,* 365 U.S. 823, 81 S.Ct. 708, 5 L.Ed.2d 700 (1961). In rejecting a similar double punishment challenge to consecutive sentencing, the *Neal* court noted the policy considerations which support consecutive sentencing where more than one person is injured as a result of a defendant's single act. The *Neal* court stated:

> The purpose of the protection against multiple punishment is to insure that the

defendant's punishment will be commensurate with his criminal liability. A defendant who commits an act of violence with the intent to harm more than one person or by a means likely to cause harm to several persons is more culpable than a defendant who harms only one person. For example, a defendant who chooses a means of murder that places a planeload of passengers in danger, or results in injury to many persons, is properly subject to greater punishment than a defendant who chooses a means that harms only a single person. This distinction between an act of violence against the person that violates more than one statute and such an act that harms more than one person is well settled. Section 654 is not ". . . applicable where . . . one act has two results each of which is an act of violence against the person of a separate individual."

*Id.* 55 Cal.2d at 16, 9 Cal.Rptr. at 612, 357 P.2d at 844. This language was quoted with approval in both *Gunter, supra,* and *State v. Henley, supra,* 141 Ariz. at 467–68, 687 P.2d at 1222–23. We therefore conclude that Arizona has firmly adopted the multiple victim policy consideration as set forth in *Neal* as a justification for consecutive sentencing in cases similar to the instant case.

We note that the multiple victim policy consideration has not been applied to a case such as the instant case in which the defendant has been convicted of different offenses under different sections of the criminal code as the result of his single act. By way of example, in *Gunter, Neal,* and *Henley, supra,* the defendant was charged with, and convicted of, multiple counts of the same offense. We believe, however, that the multiple victim policy consideration supporting the imposition of consecutive sentences where more than one individual is injured as a result of the defendant's single act applies equally to situations in which the defendant is charged under different sections of the criminal code. To hold otherwise would be to sanction an anomalous result. If we were to reverse the consecutive sentences imposed in this case, we would have to hold that § 13–116

precludes imposition of consecutive sentences where the defendant has been convicted of more than one offense under *different* sections of the criminal code as a result of his single act, while also recognizing that the same section would not preclude imposition of consecutive sentences if the defendant had been convicted of more than one count under the *same* section of the criminal code. Clearly, such a result is illogical and inconsistent. We do not believe that our legislature, in enacting § 13–116, intended such a contrary result.

We therefore hold that A.R.S. § 13–116 does not bar imposition of consecutive sentences where the defendant has been convicted of multiple offenses under different sections of the criminal code as a result of his single act. Such a defendant may be consecutively sentenced for each offense for which he is convicted, so long as each offense corresponds to a different criminal result. In this case, appellant's single act caused a separate criminal result as to each of his four victims. Therefore, the appellant may be sentenced consecutively for each of the four offenses for which he has been convicted.

Appellant's convictions and sentences are affirmed.

BROOKS, P.J., and KLEINSCHMIDT, J., concur.