FILED BY CLERK

DEC 21 2005

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2004-0043 |
| | ) | DEPARTMENT A |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| ANDREW JAMES RAYMOND | ) | |
| BURDICK, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20031191

Honorable John E. Davis, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Kathryn A. Damstra                          Tucson
                                                            Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Stephan J. McCaffery                                            Tucson
                                                          Attorneys for Appellant


H O W A R D, Presiding Judge.

¶1          After a jury trial, appellant Andrew Burdick was convicted of four counts of

disorderly conduct.  The trial court sentenced him to four aggravated, 1.5-year prison terms,

three of which were to be served consecutively. In a prior opinion filed February 11, 2005, we affirmed Burdick's convictions but vacated his aggravated sentences as improperly imposed based on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). *State v. Burdick*, 209 Ariz. 452, 104 P.3d 183 (App. 2005). On review, the supreme court remanded the case to us for reconsideration in light of *State v. Martinez*, 210 Ariz. 578, 115 P.3d 618 (2005), and *State v. Henderson*, 210 Ariz. 561, 115 P.3d 601 (2005). We have reconsidered our earlier opinion, and vacate it. This opinion replaces it.

¶2　　Burdick contends he committed only one act of disorderly conduct and, therefore, the consecutive sentences violate A.R.S. § 13-116 and the Double Jeopardy Clauses of the Arizona and United States Constitutions. Burdick further contends the trial court erred by imposing aggravated sentences without having a jury determine the aggravating factors. Finding no error, we affirm Burdick's convictions and sentences.

### FACTS

¶3　　We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the conviction. *See State v. Riley*, 196 Ariz. 40, ¶ 2, 992 P.2d 1135, 1137 (App. 1999). In April 2003, Burdick approached three people standing outside a duplex apartment. He was asked to leave and became angry at the request. Staggering, he removed a gun from his pocket and waved it in the direction of the group. After the three individuals went inside the apartment, Burdick began banging on and shaking the door. A police officer arrived, arrested Burdick, and found a revolver in his front pocket.

2

¶4 Burdick was tried on three counts of aggravated assault with a deadly weapon or dangerous instrument, one count for each victim, and on one count of aggravated assault on an incapacitated victim because one of the victims was confined to a wheelchair. The trial court instructed the jury that disorderly conduct by recklessly handling, displaying, or discharging a deadly weapon or dangerous instrument is a lesser-included offense of aggravated assault. Burdick was acquitted on all four aggravated assault charges but found guilty of four counts of disorderly conduct.

## DISORDERLY CONDUCT

¶5 Burdick first argues that the unit of prosecution for disorderly conduct is the conduct, not the victims, and that the trial court violated § 13-116 and double jeopardy principles by sentencing him to consecutive prison terms. Because he failed to raise this claim below, he is only entitled to a review for fundamental error. *Martinez*, 210 Ariz. 578, n.2, 115 P.3d at 620 n.2. But, as he points out, a sentence that violates the Double Jeopardy Clause constitutes fundamental error. *State v. Millanes*, 180 Ariz. 418, 421, 85 P.2d 106, 109 (App. 1994). Whether a defendant can be punished for each victim of the crime of disorderly conduct is an issue of legislative intent. *State v. Siddle*, 202 Ariz. 512, ¶ 9, 47 P.3d 1150, 1154 (App. 2002). We review this issue of law de novo. *State v. Powers*, 200 Ariz. 123, ¶ 5, 23 P.3d 668, 670 (App. 2001), *aff'd*, 200 Ariz. 363, 26 P.3d 1134 (2001).

¶6 The Double Jeopardy Clauses of the Arizona and United States Constitutions provide the same basic protection and prohibit "multiple punishments for the same offense." *Id*. ¶¶ 7-8. In determining what is the "same offense," Arizona courts look at the result of

the criminal act rather than the act itself. *State v. Gunter*, 132 Ariz. 64, 69, 643 P.2d 1034, 1039 (App. 1982). In *Gunter*, the court determined that "[w]here crimes against persons are involved we believe a separate interest of society has been invaded with each victim and that, therefore, where two persons are assaulted, there are two separate offenses." *Id.* at 70, 643 P.2d at 1040. The court affirmed the imposition of two consecutive terms of imprisonment for the single act of throwing acid because the act had injured two victims. *Id.; see also State v. Henley*, 141 Ariz. 465, 467-68, 687 P.2d 1220, 1222-23 (1984) (no error in imposing consecutive sentences for two counts of aggravated assault when bullet passed through first victim and struck second); *State v. Riley*, 196 Ariz. 40, ¶ 21, 992 P.2d 1135, 1142 (App. 1999) (consecutive sentences allowed for multiple crimes committed against multiple victims); *State v. White*, 160 Ariz. 377, 379-80, 773 P.2d 482, 484-85 (App. 1989) (consecutive sentences upheld for single act causing separate criminal result to four victims); *State v. Devine*, 150 Ariz. 507, 510, 724 P.2d 593, 596 (App. 1986) (no error in imposing consecutive sentences for separate offenses committed against multiple victims on same occasion).

¶7     Burdick was convicted of four counts of disorderly conduct, a lesser-included offense of aggravated assault. Section 13-2904(A), A.R.S., defines disorderly conduct as follows:

> A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:
>
> . . . .

4

6. Recklessly handles, displays or discharges a deadly weapon or dangerous instrument.

**¶8** Arizona courts have recognized that, depending on the type of victim, the state must satisfy differently its burden of proof under § 13-2904. First, when a defendant is charged with disorderly conduct for disturbing the peace of a particular person, the state is required to prove that the defendant knowingly disturbed the victim's peace, *In re Julio L.*, 197 Ariz. 1, ¶ 8, 3 P.3d 383, 385 (2000), or that the defendant intended to do so.[1] *State v. Miranda*, 200 Ariz. 67, ¶ 5, 22 P.3d 506, 508 (2001). Second, if the defendant is charged with disorderly conduct for disturbing the peace of a neighborhood, the defendant's conduct may be measured against an objective standard, and the state need not prove that any particular person was disturbed. *Julio L.*, 197 Ariz. 1, ¶ 8, 3 P.3d at 385; *State v. Johnson*, 112 Ariz. 383, 385, 542 P.2d 808, 810 (1975).[2]

**¶9** Furthermore, in *Miranda*, our supreme court held that a person cannot place a victim in reasonable apprehension of imminent physical injury without also disturbing the victim's peace. 200 Ariz. 67, ¶ 3, 22 P.3d at 507. It held that disorderly conduct against a person by recklessly handling a firearm is a lesser-included offense of aggravated assault

[1]Burdick notes that *Julio L.*, 197 Ariz. 1, ¶ 8, 3 P.3d at 385, stated that a person's peace must actually be disturbed, while *Miranda*, 200 Ariz. 67, ¶ 5, 22 P.3d at 508, pointed out that A.R.S. § 13-2904 actually requires that the defendant act with either the intent to disturb the peace of a person or knowledge of doing so. This point was not crucial to the issue under consideration in either case and, in any event, does not support Burdick's argument that he can only be guilty of one offense.

[2]Neither *Julio L.* nor *Miranda* involved disturbing the peace of a family.

with a deadly weapon. *Id.* ¶ 5. The distinguishing element is the intent to place the victim in reasonable apprehension of imminent physical injury. *Id.* ¶ 3.

¶10         Burdick could have received consecutive prison sentences if he had been found guilty of the greater crime of aggravated assault. *See Henley*, 141 Ariz. at 467-68, 687 P.2d at 1222-23; *Riley*, 196 Ariz. 40, ¶ 21, 992 P.2d at 1142; *Gunter*, 132 Ariz. at 70, 643 P.2d at 1040. Nothing in the distinguishing element, the intent to place the victim in reasonable apprehension of imminent physical injury, *Miranda*, 200 Ariz. 67, ¶ 3, 22 P.3d at 507, reflects a legislative intent that the defendant be subject to multiple punishments for the greater crime, but not for the lesser. Accordingly, we hold that a defendant is subject to multiple punishments for a single act[3] of disorderly conduct by recklessly handling, displaying, or discharging a firearm when that act constituted disorderly conduct committed against multiple persons. Therefore, Burdick's consecutive sentences do not violate the Double Jeopardy Clauses of the United States or Arizona Constitutions.[4]

## *BLAKELY* ERROR

¶11         Burdick next argues the trial court abused its discretion by imposing aggravated sentences without having the jury determine the aggravating factors, relying on

---

[3]As the state points out, the jury could also have concluded that Burdick had committed more than one act of disorderly conduct.

[4]Burdick also argues his consecutive sentences violate A.R.S. § 13-116. Because he failed to develop this argument as required by Rule 31.13(c)(1)(vi), Ariz. R. Crim. P., 17 A.R.S., he has waived the issue. *See State v. Sanchez*, 200 Ariz. 163, ¶ 8, 24 P.3d 610, 613 (App. 2001). Furthermore, we note that § 13-116 "does not apply to sentences imposed for a single act that harms multiple victims." *State v. Riley*, 196 Ariz. 40, ¶ 21, 992 P.2d 1135, 1142 (App. 1999).

*Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). At the sentencing hearing, the trial court found as aggravating factors Burdick's "[c]riminal history with multiple misdemeanor and felony convictions with multiple incarcerations and probation," his history of unsuccessful rehabilitation attempts, and his addiction to drugs and alcohol. The court then found as mitigating circumstances Burdick's mental and physical health. Finding that the aggravating factors outweighed the mitigating factors, the trial court sentenced Burdick to aggravated, consecutive terms of 1.5 years on three of the convictions and to an aggravated, concurrent 1.5-year term on the fourth.

¶12　　　Because Burdick failed to object on this ground below, we review solely for fundamental error. *Martinez*, 210 Ariz. 578, n.2, 115 P.3d at 620 n.2. Burdick therefore has the burden to show that fundamental error occurred and that the error caused him prejudice. *Henderson*, 210 Ariz. 561, ¶ 20, 115 P.3d at 607. Fundamental error is "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Id*. ¶ 19, 115 P.3d at 607, *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984).

¶13　　　In *Martinez*, our supreme court held that one *Blakely*-compliant or *Blakely*-exempt factor is enough to allow the trial court to consider other aggravating factors in sentencing the defendant. 210 Ariz. 578, ¶ 26, 115 P.3d at 625. And a finding of prior convictions is a *Blakely*-exempt aggravating circumstance. *Blakely*, 542 U.S. at 301, 124 S. Ct. at 2536. Accordingly, once the trial court found that Burdick's prior convictions were

an aggravating circumstance, the court was entitled to consider any other legal aggravating factor in imposing sentence. We therefore find no error, fundamental or otherwise.

¶**14** We affirm Burdick's convictions and sentences.


_____
JOSEPH W. HOWARD, Presiding Judge


CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Judge


_____
PETER J. ECKERSTROM, Judge