IN THE COURT OF APPEALS

FILED BY CLERK

JUN 27 2008

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2007-0192 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| ROGER DALE TARKINGTON, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20063867

Honorable John E. Davis, Judge
Honorable Frank Dawley, Judge Pro Tempore

AFFIRMED

_____

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Amy M. Thorson                      Tucson
Attorneys for Appellee

Robert J. Hirsh, Pima County Public Defender
  By John F. Palumbo                                           Tucson
Attorneys for Appellant

_____

H O W A R D, Presiding Judge.

¶1 After a jury trial, appellant Roger Tarkington was convicted of one count of possession of a narcotic drug, cocaine base (crack cocaine). The trial court sentenced him to a presumptive, enhanced prison term of 4.5 years. On appeal, Tarkington argues the trial court erred in denying his motion to suppress evidence of the crack cocaine and his statements to police. Finding no error, we affirm.

¶2 We view the facts in the light most favorable to sustaining the trial court's ruling, considering only the evidence presented at the suppression hearing. *State v. Teagle*, 217 Ariz. 17, ¶ 2, 170 P.3d 266, 269 (App. 2007). Tucson police officers Morales and Peterson responded to a call regarding narcotics activity at an apartment complex. Although they heard nothing suspicious in the apartment they had been asked to investigate, they did hear a voice in the adjacent apartment use a term they understood as a reference to crack cocaine. Morales and Peterson then stood in front of that apartment and, when the door suddenly opened, ordered everyone inside to put up their hands. All complied except Tarkington, who raised his right hand but kept his left hand near the kitchen sink. After throwing or dropping something into the sink, Tarkington put up his left hand.

¶3 Morales and Peterson ordered everyone out of the apartment and asked the woman who rented it if there was anyone else inside. She said there was not, but that they could "look if [they] want[ed]." Peterson then performed a protective sweep of the apartment and, although he found no other persons, he saw what appeared to be crack cocaine in the kitchen sink. Peterson left the apartment to tell Morales what he had seen,

2

and Morales returned to seize the cocaine and other evidence. Tarkington later admitted the cocaine was his.

**¶4** After Tarkington was charged with possessing the cocaine, he moved to suppress any evidence concerning it, along with his statements, on the ground that the officers' entry had been unreasonable and the subsequent search and seizure therefore improper. Following an evidentiary hearing, the trial court concluded Tarkington could not challenge the sweep of the apartment because he had no expectation of privacy in the premises and that even if he could challenge the sweep, it was valid based on the renter's consent.

**¶5** Tarkington argues the trial court erred by denying his motion to suppress because neither the protective sweep nor the consent exception to the warrant requirement applies here.[1] He expressly disclaims any argument that he had an expectation of privacy in the apartment, but argues he should have been allowed to challenge the search and seizure because he had a protected property interest in the crack cocaine.

**¶6** Tarkington did not base his argument in the trial court on his property interest in the crack cocaine. Because he failed to raise this theory below, we review solely for fundamental error. *See State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005);

---

[1]Although Tarkington also contends his statements to police should have been suppressed because they were the fruit of the allegedly illegal police conduct, he has failed to adequately develop this argument, and it is therefore waived. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi); *State v. Burdick*, 211 Ariz. 583, n.4, 125 P.3d 1039, 1042 n.4 (App. 2005).

*see also State v. Rojers*, 216 Ariz. 555, ¶ 13, 169 P.3d 651, 654 (App. 2007) (argument not raised in suppression motion or at suppression hearing forfeited absent fundamental error). Fundamental error is "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607, *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). To succeed in a fundamental error analysis, Tarkington must show that error occurred, that it was fundamental, and that it prejudiced him. *See id.* ¶¶ 20, 23-24.

¶7 Although Tarkington purports to challenge the warrantless seizure of the crack cocaine, his arguments are based on the search of the residence leading to the seizure, or the reentry to seize the cocaine, not the seizure itself.[2] In order to challenge a search, a person must first show he had a legitimate expectation of privacy in the area searched. *See Rakas v. Illinois*, 439 U.S. 128, 140, 143 (1978); *see also Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980). Although a property interest in the item seized is a factor in determining whether there is a legitimate expectation of privacy, it is not alone sufficient to permit a Fourth Amendment challenge to a search. *See United States v. Salvucci*, 448 U.S. 83, 91-92 (1980) (possessory interest in property alone insufficient to permit challenge to search); *see also Rawlings*, 448 U.S. at 105-06 (defendant could not challenge search of another

---

[2]Tarkington does not challenge on appeal the officers' initial order that the occupants raise their hands and leave the apartment.

person's purse based solely on claimed property interest in drugs found in purse).[3] Because Tarkington has properly conceded he had no legitimate expectation of privacy in the apartment, he cannot raise any claims concerning the search of the apartment.

¶8 Tarkington nevertheless contends *Soldal v. Cook County*, 506 U.S. 56 (1992), supports his argument. The Court in *Soldal* held that a party may challenge a seizure based on an interest in the seized property even if there is no reasonable expectation of privacy associated with the property interest. *See id.* at 61-62. The Court clarified that the Fourth Amendment's prohibition of unreasonable searches protects the expectation of privacy, whereas the prohibition of unreasonable seizures protects the expectation against meaningful interference with property interests. *Id.* at 63. It did not suggest, however, that a property interest alone would permit a party to challenge the circumstances of a search and did not purport to alter the holdings of prior cases expressly rejecting that view. *See Rawlings*, 448 U.S. at 105-06; *Salvucci*, 448 U.S. at 91-92.

¶9 Tarkington quotes extensively from *Soldal*'s discussion of the plain-view doctrine. *See Soldal*, 506 U.S. at 65-66. But when examined in context, this discussion actually illustrates that the Supreme Court considers the privacy and property interests

---

[3]This court has suggested that a defendant could challenge a search based on "an interest in seized property." *State v. Berryman*, 178 Ariz. 617, 623, 875 P.2d 850, 856 (App. 1994). But we cited *United States v. Jeffers*, 342 U.S. 48, 52-54 (1951), for that proposition, and the Supreme Court has made clear that the defendant in *Jeffers* could challenge the search because he had a "possessory interest in both the premises searched and the property seized." *Rakas*, 439 U.S. at 136; *see also Salvucci*, 448 U.S. at 90 n.5.

separately, as we do here. *See also Horton v. California*, 496 U.S. 128, 133 (1990); *Arizona v. Hicks*, 480 U.S. 321, 328 (1987).

¶10    Tarkington also cites several cases from other jurisdictions for the proposition that police who see contraband while lawfully present on a premises may not leave the premises and then return to seize the contraband. But, in each of these cases, the defendant had a legitimate expectation of privacy in the premises and therefore could properly challenge the search. *See People v. Keener*, 195 Cal. Rptr. 733, 734 (Ct. App. 1983) (defendant's apartment); *People v. Bradley*, 183 Cal. Rptr. 434, 438 (Ct. App. 1982) (same); *State v. Prewitt*, 38 P.3d 126, 128 (Idaho Ct. App. 2001) (defendant's home); *Middleton v. State*, 714 N.E.2d 1099, 1100 (Ind. 1999) (defendant's bedroom). Because Tarkington had no expectation of privacy in the premises searched, he cannot challenge the search or the reentry to seize the crack cocaine. *See Rawlings*, 448 U.S. at 104; *Rakas*, 439 U.S. at 140, 143. Therefore, even were we to agree with the results in those cases, they do not affect our analysis here.

¶11    Consequently, Tarkington could not challenge the search here. *See Salvucci*, 448 U.S. at 91-92; *see also Rawlings*, 448 U.S. at 105-06. And he does not challenge the validity of the seizure independent of the search, nor could he, because an officer who sees what he believes to be crack cocaine in plain view and can access it without a further search may seize it without a warrant. *See Horton*, 496 U.S. at 136-37; *Hicks*, 480 U.S. at 326; *see also Mazen v. Seidel*, 189 Ariz. 195, 197, 940 P.2d 923, 925 (1997). Thus, seizure of

6

the crack cocaine did not violate Tarkington's Fourth Amendment rights.[4]  Accordingly, we find no error, fundamental or otherwise, in the trial court's ruling denying his motion to suppress.

**¶12**        For the foregoing reasons, Tarkington's conviction and sentence are affirmed.


_____
JOSEPH W. HOWARD, Presiding Judge


CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
J. WILLIAM BRAMMER, JR., Judge

---

[4]We therefore need not address Tarkington's argument that the protective sweep was unlawful and outside the scope of the renter's consent.