**Brian CLEM, Petitioner–Appellant,**

v.

**Dora B. SCHRIRO; Attorney General for the State of Arizona, Respondents–Appellees.**

**No. 08–15333.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). except as provided by 9th Cir. R. 36–3.

---

Brian Clem, Douglas, AZ, pro se.

Aaron Jay Moskowitz, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Respondents–Appellees.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Arizona state prisoner Brian Clem appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging his five consecutive sentences imposed following his guilty-plea conviction for three counts of manslaughter and two counts of aggravated assault in connection with the same drunk driving incident that produced five victims. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Clem contends that his five consecutive sentences totaling 22 years imprisonment violate the Double Jeopardy Clause under

the same-element test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), because they resulted from a single drunk driving incident. Clem further contends that the rule of lenity requires enforcement of Arizona Revised Statute section 13–116, which prohibits imposition of consecutive sentences for the offenses resulting from the same "act." Finally, Clem contends that *Blockburger* and its progeny should be reversed.

■ Clem failed to demonstrate that the state court's imposition of five consecutive sentences is contrary to or an unreasonable application of controlling federal law. *See* 28 U.S.C. § 2254(d)(1).

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact that the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180. However, even if the multiple charges constitute the "same offense" under *Blockburger*, the imposition of cumulative punishment does not violate the Double Jeopardy Clause as long as it does not contradict legislative intent. *See Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) ("[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.").

■ Arizona courts have consistently held that A.R.S. § 13–116 does not prohibit consecutive sentences for single-act-multiple-victims crimes. *See, e.g., State v. Henley*, 141 Ariz. 465, 467–68, 687 P.2d 1220 (1984); *State v. White*, 160 Ariz. 377,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

380, 773 P.2d 482 (1989). Accordingly, Clem's consecutive sentences do not violate the Double Jeopardy Clause. *See Gentry v. MacDougall,* 685 F.2d 322, 323 (9th Cir.1982) (rejecting petitioner's argument "that the Arizona legislature did not authorize consecutive sentences for multiple deaths caused by a single act of drunk driving, and that such sentences violate the Double Jeopardy Clause"); *see also Walker v. Endell,* 850 F.2d 470, 476 (9th Cir.1987). Further, we must defer to Arizona's interpretation of its own laws. *Himes v. Thompson,* 336 F.3d 848, 852 (9th Cir.2003).

Finally, we do not we have the authority to revisit or reverse the controlling Supreme Court law. *Musladin v. Lamarque,* 555 F.3d 830, 837 (9th Cir.2009).

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.