NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL ANTHONY HERNANDEZ, *Appellant.*

No. 1 CA-CR 13-0162

FILED 05-29-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2011-123571-003
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Nicole T. Farnum, Phoenix
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge John C. Gemmill and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Michael Anthony Hernandez has advised the court that, after searching the entire record, she is unable to discover any arguable questions of law, and has filed a brief requesting this court conduct an *Anders* review of the record. Hernandez was given the opportunity to file a supplemental brief pro se, and has done so. This court has reviewed the entire record and finds no reversible error. Accordingly, the convictions and resulting sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        In 2011, police responded to the home of F.R.[2] following the report of a shooting. Upon arrival, police found a dead man, who had been shot in the head, in the carport area. Hours into the investigation and processing of the crime scene, F.R. and J.V. arrived at the home and told the police about the incident resulting in the death. F.R. and J.V. said a number of individuals had broken into the home, robbed them and shot the man before running away. The description of the people involved in the incident led police to arrest a number of individuals involved, including Hernandez.

¶3        At trial, the State presented evidence, including the testimony of two accomplices, showing that Hernandez was at the scene at the time of the shooting and that, according to the two accomplices, Hernandez had possession of the gun. Defense counsel called into question the reliability of the testimony of the accomplices, including questioning their motive for testifying, bringing out evidence of agreements they reached with the State and suggesting their memory of

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997) (citation omitted).

[2] Initials are used to protect the victims' privacy. *State v. Maldonado*, 206 Ariz. 339, 341 n.1, 78 P.3d 1060, 1062 n.1 (App. 2003).

the events could have been distorted by drug and alcohol use. As was his right, Hernandez did not testify.

¶4          The jury found Hernandez guilty of first-degree murder, first-degree burglary and three counts of kidnapping. The jury also found a number of aggravating factors. The superior court then found two mitigating factors. Hernandez was sentenced to life in prison without the possibility of parole for 25 years on count one and 14 years in prison for counts two, three, four and five. The court imposed sentences on counts one, two and three concurrently with each other; imposed the sentence on count four consecutively to counts one through three and imposed the sentence on count five consecutively to count four. Hernandez timely appeals his convictions and sentences. This court has jurisdiction over his appeal pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2014).[3]

## DISCUSSION

¶5          The court has reviewed and considered defense counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999) (providing guidelines for briefs when counsel has determined no arguable issues to appeal). Searching the record and briefing reveals no reversible error. In his pro se brief, Hernandez argues his convictions were improper because: (1) insufficient evidence supports the convictions and (2) the superior court erred in imposing consecutive sentences.

## I.      Sufficiency Of The Evidence.

¶6          This court will not reverse a conviction "for insufficiency of the evidence unless there is no substantial evidence to support the jury's verdict." *State v. Scott*, 187 Ariz. 474, 477, 930 P.2d 551, 554 (App. 1996) (citing *State v. Hallman*, 137 Ariz. 31, 38, 668 P.2d 874, 881 (1983)). Substantial evidence is "[m]ore than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached." *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

¶7          The jury was presented with conflicting evidence about the involvement of a number of individuals, the exact sequence of events and forensic evidence. Although conflicting, there was sufficient evidence for a

---

[3] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

finding of guilt beyond a reasonable doubt on each of the convictions. *See State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Therefore, Hernandez has failed to show that any conviction was not supported by substantial evidence.

## II.    Consecutive Prison Terms.

¶8        Hernandez claims the sentences for counts four and five should have been imposed concurrently with the other sentences. "An act or omission which is made punishable in different ways by different sections of the law may be punished under both, but in no event may sentences be other than concurrent." A.R.S. § 13-116. As applied, the superior court's sentence for count four (Kidnapping of J.G.) was imposed consecutively to the sentences for counts one (First Degree Murder), two (Burglary) and three (Kidnapping of F.R.); similarly, the sentence for count five (Kidnapping of J.V.) was imposed consecutively to the sentence for count four.

¶9        Because counts three, four and five dealt with kidnapping of different individuals, A.R.S. § 13-116 is not implicated. *See State v. Gordan*, 161 Ariz. 308, 315, 778 P.2d 1204 (1989); *see also State v. Carreon*, 210 Ariz. 54, 74-75 ¶¶ 101-09, 107 P.3d 900, 920-21 (2005) (applying *Gordon* analysis); *State v. Burdick*, 211 Ariz. 583, 585 ¶ 6, 125 P.3d 1039, 1041 (App. 2005) (consecutive sentences proper where crime of disorderly conduct committed against multiple victims); *State v. White*, 160 Ariz. 377, 379-81, 773 P.2d 482, 484-86 (App. 1989) (consecutive sentences upheld when a single criminal act harmed multiple victims). Accordingly, and because the sentences imposed were within statutory limits, the superior court did not err in sentencing Hernandez.

## III.    Restraints.

¶10       On the first day of trial, outside the presence of the jury, defense counsel brought to the superior court's attention "that the way they have the restraint system on Mr. Hernandez, it's rather noticeable, especially on his back and sides areas . . . [and that] [w]e don't have the benefit of having a jacket for him today" and, therefore, expressed concern that the jury might improperly see the restraints. In response, the superior court had Hernandez stand and sit to evaluate the restraints. The court then stated Hernandez should stand and face the jury when they came in so they did not see the restraint system and to sit in his chair in a way as to avoid leaning forward. Following these suggestions, no other concern was expressed regarding restraints, and Hernandez does not suggest that

the jury saw the restraints. *See State v. Dixon*, 226 Ariz. 545, 552 ¶¶ 30-32, 250 P.3d 1174, 1181 (2011) (applying harmless error review for visibility of shackles by jury). Accordingly, on this record, there was no error.

## CONCLUSION

**¶11**         This court has read and considered the briefs filed by defense counsel and Hernandez and has searched the record provided for reversible error. *Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537 ¶ 30, 2 P.3d at 96. From the court's review, the record reveals no reversible error. Instead, the record indicates all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure; Hernandez was represented by counsel at all stages of the proceedings and the jury was properly instructed. Accordingly, Hernandez' convictions and resulting sentences are affirmed.

**¶12**         Upon filing of this decision, defense counsel is directed to inform Hernandez of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 585, 684 P.2d 154, 157 (1984). Hernandez shall have thirty days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh