NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN JAMES PULEO, *Appellant.*

No. 1 CA-CR 15-0109
FILED 3-1-2016

---

Appeal from the Superior Court in Maricopa County
No.  CR2013-430912-001 DT
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED**

---

APPEARANCES

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Steven James Puleo, Yuma
*Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

---

**G E M M I L L**, Judge:

¶1 Steven Puleo challenges his convictions for one count of possession of dangerous drugs and one count of possession of marijuana. He contends the trial court committed reversible error in denying his motion to suppress evidence. For the following reasons, we affirm his convictions and sentences.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On July 2, 2013, Detective G.D. was working plainclothes when he noticed a vehicle with two occupants driving slowly through a grocery store parking lot known for high criminal activity. G.D. followed the vehicle as it left the parking lot and noticed that the temporary license plate on the vehicle had expired. After following the vehicle and observing the occupants' behavior, G.D. and another plainclothes officer contacted an officer in a marked patrol car to initiate a stop. As the officer in the patrol car initiated the stop, one plainclothes officer observed the occupants of the vehicle and noticed that an individual in the back seat — later identified as Puleo — appeared to tuck or hide something on the right side of his body or in the side of the seat.

¶3 The driver of the vehicle did not have identification and was placed in the back of a patrol vehicle. Meanwhile, officers removed Puleo from the back of vehicle and — based on their previous observation — searched the area in which Puleo had been sitting. Officers located several baggies of methamphetamine in a small super glue container between the back seat and the frame of the vehicle. After placing Puleo in custody for possession of methamphetamine, officers also found a small baggie of marijuana in Puleo's pocket.

¶4 After three days of trial, a jury found Puleo guilty of one count of possession of a dangerous drug and one count of possession of marijuana. The trial court sentenced Puleo on Count 1 to a mitigated term of 8 years in the Department of Corrections and on Count 2 to supervised probation for three years to begin following his release. Puleo timely appeals and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13-4031 and 13-4033.

**ANALYSIS**

**¶5**        Puleo argues the trial court erred by denying his motion to suppress the drug evidence found in the vehicle. The denial of a motion to suppress evidence is reviewed for an abuse of discretion, *State v. Mitchell*, 234 Ariz. 410, 413, ¶ 11 (App. 2014), and we review the trial court's denial based solely on the evidence presented at the suppression hearing, *State v. Spears*, 184 Ariz. 277, 284 (1996). We view that evidence in the light most favorable to sustaining the trial court's ruling. *State v. Gay*, 214 Ariz. 214, 217, ¶ 4 (App. 2007). "Although we defer to the trial court's factual determinations, we review its legal conclusions *de novo*." *Mitchell*, 234 Ariz. at 413, ¶ 11.

**¶6**        A person must have standing before he or she can challenge a search as unconstitutional. *Id.* at 414, ¶ 14; *see also Rakas v. Illinois*, 439 U.S. 128, 134–35 (1978) (explaining that personal constitutional rights cannot be asserted vicariously). The burden is on the proponent of the suppression motion to show that his or her Fourth Amendment rights were violated. *See Rakas*, 439 U.S. at 131 n.1. In order to demonstrate such a violation, Puleo must show that he had a legitimate expectation of privacy in the area searched. *See id.* at 148; *see also State v. Adams*, 197 Ariz. 569, 572, ¶ 17 (App. 2000).

**¶7**        Puleo contends the trial court erred in holding that he lacked standing to challenge the search of the vehicle that led to the discovery of the drugs. He argues we must analyze the stop in one of two ways: either the search of the vehicle was related to the traffic stop or it was related to the suspicious activity the officer observed prior to pulling over the vehicle. If the search was related to the traffic stop, Puleo admits that he lacks standing to challenge it. He claims, however, that the search could not have been related to the traffic stop because the stop was for an expired license plate, and therefore a search of the back seat was not constitutionally justified.

**¶8**        Puleo argues that the "continuing detention and subsequent targeted search must stand on their own, apart from the traffic stop, and, if not supported by reasonable suspicion of criminal activity, the search must be held to be unlawful and the evidence suppressed." Puleo has not cited any applicable legal support for this contention. Furthermore, he has not shown that he had a reasonable expectation of privacy or property interest in the area searched. *See State v. Tarkington*, 218 Ariz. 369, 370, ¶ 6 (App. 2008) (citing *Rakas*, 439 U.S. at 140) ("In order to challenge a search, a person

must first show he had a legitimate expectation of privacy in the area searched"); *see also State v. Juarez*, 203 Ariz. 441, 447, ¶ 24 (App. 2002) (concluding that the Arizona Constitution and case law grant privacy rights only to defendants who can "establish a legitimate expectation of privacy").

¶9 Puleo presented no evidence of having a privacy interest in either the vehicle or the drugs found. *See Adams*, 197 Ariz. at 572, ¶ 17 (quoting *Smith v. Maryland*, 442 U.S. 735, 740 (1979)) (to determine the existence of a legitimate expectation of privacy the court must consider whether the individual "exhibited an actual (subjective) expectation of privacy in the place that was the subject of the search" and whether that subjective expectation is one that society recognizes as reasonable) (internal quotes omitted); *see also Rakas*, 439 U.S. at 148 (denying standing because defendants asserted "neither a property nor a possessory interest in the automobile, nor an interest in the property seized."). The car itself belonged to the driver, Johnny Garcia, and Puleo never claimed or asserted any recognizable ownership or privacy interest in the super glue container or the area in which he was sitting. Puleo did introduce evidence that the car had previously belonged to his son and had been stored at Puleo's house for some period of time. But this connection is not significant enough to establish a reasonable expectation of privacy in the vehicle at the time in question. We therefore agree with the trial court that Puleo has not established standing to challenge the search as unconstitutional.

**CONCLUSION**

¶10 For the foregoing reasons, we affirm Puleo's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama