NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TERESA MARIE HOLLINGSWORTH, *Petitioner*.

No. 1 CA-CR 17-0827 PRPC
FILED 8-9-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2015-113289-001
The Honorable John R. Doody, Judge *Pro Tempore*

**REVIEW GRANTED AND RELIEF GRANTED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Teresa Marie Hollingsworth, Goodyear
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Peter B. Swann joined.

**H O W E**, Judge:

¶1 Teresa Marie Hollingsworth petitions this Court for review from the dismissal of her petition for post-conviction relief. We have considered the petition and for the reasons stated, grant review and grant relief in part.

¶2 Hollingsworth originally pled guilty to two counts of aggravated assault that involved two different peace officers, class 5 felonies, and one count of interfering with judicial proceedings ("IJP"), a class 1 misdemeanor, in CR 2015-113289-001. The court suspended Hollingsworth's sentence, and she received probation on all counts, including a condition that required 30 days in jail with credit for time already served on one of the aggravated assault counts. The original confinement order issued on December 9, 2015, released her on only one aggravated assault count, and an amended confinement order was issued at 4:59 p.m. on December 14, 2015, ordering her released on the remaining counts.

¶3 After violating probation, Hollingsworth was reinstated to intensive probation supervision, including a condition requiring 180 days in jail on one of the aggravated assault counts. She was given a terminal disposition on the IJP. Before completing her jail term, she returned to court and rejected probation. The court sentenced Hollingsworth to concurrent terms of two years' imprisonment on each aggravated assault count and to time served on the IJP count. She was given 270 days' presentence incarceration credit on one aggravated assault count and 347 days' credit on the other aggravated assault count. She signed her Notice of Rights of Review after Conviction and Procedure.[1]

¶4 Hollingsworth filed an untimely motion to correct her sentence, claiming that the credit for time served on her sentence was

---

[1] The court sentenced her in CR 2014-151832 to a consecutive term of imprisonment. She refers to this sentence in her trial court pleadings, but the petition here was filed under CR 2015-113289-001, and she does not address any issues in her petition for review relating to the 2014 case. She does attach a Department of Corrections document to her petition, but the document was not presented to the trial court and we decline to consider any argument relying on that document. *See State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988). Therefore, any claims concerning her sentence in CR 2014-151832 are waived. *See* Ariz. R. Crim. P. 32.9(c)(4)(D).

incorrect. The trial court, noting the untimely request under Arizona Rule of Criminal Procedure 24.3, treated it as a Rule 32 proceeding, addressed the merits of her claim, and denied relief.

**¶5**      Hollingsworth then petitioned for review. She adds a claim of "double punishment" presumably under A.R.S. § 13–116. This argument was not raised before the trial court, and this Court will not consider meritorious issues not first presented to the trial court. *See Wagstaff*, 161 Ariz. at 71. The claim is otherwise not timely, and is waived and without merit because each count involved a separate victim, which did not require double credit. *See State v. White*, 160 Ariz. 377, 381 (App. 1989) (holding that consecutive sentences, even from a single act, do not violate the statute). To the extent Hollingsworth otherwise claims an illegal sentence, she is untimely and precluded. *See* Ariz. R. Crim. P. 32.1(c), 32.2(b); *State v. Shrum*, 220 Ariz. 115, 117–20 ¶¶ 3–23 (2009). Hollingsworth filed her Rule 32 petition on November 28, 2017, which was more than 90 days after the court sentenced Hollingsworth on July 28, 2016.

**¶6**      Hollingsworth is correct, however, that the court erred in calculating her presentence incarceration credit. The record shows that the original order of confinement released her on only one of the two aggravated assault counts on December 9, 2015. An amended order released her on the remaining count and was issued at 4:59 p.m. on December 14, 2015. While technically released on one count, she spent additional days in jail because she had not been released on the other count. She was in fact incarcerated for an additional six days based upon the erroneous order.

**¶7**      Hollingsworth's claim would normally be moot because she has served her full sentence on these matters. "[W]hen an entire sentence has been served prior to consideration of that *sole* issue on appeal, the validity of its imposition is a moot question." *State v. Hartford*, 145 Ariz. 403, 405 (App. 1985). However, since she is now serving a consecutive term in CR 2014-151832, any upward adjustment in her credited time could affect the time to be served on her remaining sentence. Had the trial court realized the error, it could have simply corrected the July 27, 2016 minute entry to reflect the error addressed in its amended order of confinement. *See* Ariz. R. Crim. P. 24.4.

**¶8**      Therefore, the trial court's July 27, 2016 minute entry shall be corrected to reflect a total of 276 days' and 353 days' presentence incarceration credit for the respective aggravated assault counts. *See* Ariz. R. Crim. P. 31.17(b) (2017) ("The Appellate Court may reverse, affirm, or

modify the action of the lower court and issue any necessary and appropriate orders.").

¶9        Hollingsworth's other claims regarding calculation of dates are without merit. As part of her reinstatement to probation, she was incarcerated for 78 days on one of the concurrent counts, but not the other count. As such, she has received the appropriate credit. The court was correct in not crediting her with the days on both counts, and the calculations were otherwise correct.

¶10        For the foregoing reasons, we grant review and grant relief in part.



AMY M. WOOD • Clerk of the Court
FILED:  AA