NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MICHAEL JOSEPH NEWTON, *Appellant*.

No. 1 CA-CR 23-0070
FILED 12-26-2023

Appeal from the Superior Court in Yavapai County
No. P1300CR202101551
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge David B. Gass joined.

---

**J A C O B S**, Judge:

¶1            Michael Joseph Newton ("Defendant") appeals, under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from his convictions arising from a domestic violence incident.   Defense counsel identified no issue for appeal but requested that this court search the record for arguable issues.  *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999).  Defendant had the opportunity to file a *pro per* brief but did not do so.  Our review of the record reveals no arguable issues.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *Clark*, 196 Ariz. at 537 ¶ 30.  We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            On October 28, 2021, Defendant got into a physical fight with his then-fourteen-year-old great-nephew.  The incident occurred in the presence of the victim's brother and sister, as well as Defendant's sister, who is the grandmother of the children.  During the scuffle, Defendant slapped, punched, and headbutted the victim, resulting in a bloody nose and a chipped tooth.  Afterwards, Defendant took the children to school, whereupon a school counselor noticed the victim's sister's emotional distress and approached the victim with questions about the incident.  On November 8, the school counselor reported the incident to the police. Defendant was arrested later that day.

¶3            On November 12, 2021, Defendant was charged with five offenses: Count 1 Aggravated Assault Per Domestic Violence, Count 2 Aggravated Assault, and Counts 3 through 5 Disorderly Conduct Per Domestic Violence.  Following a three-day trial, Defendant was convicted on all counts, albeit of simple assault instead of aggravated assault as to Count 1.  The superior court suspended Defendant's sentence, instead placing him on supervised probation for three years and requiring him to perform 35 hours of community service or restitution.  Defendant timely appealed.

**DISCUSSION**

¶4          We find no reversible error.   The record reflects that Defendant, who was present at all stages, was afforded all constitutional and statutory rights and that the proceedings were conducted in accordance with the applicable procedural rules.

¶5          The verdicts were supported by substantial evidence.  For the aggravated assault charged in Count 1, the state was required to prove Defendant intentionally, knowingly, or recklessly caused a fracture of any body part to another person.  A.R.S. §§ 13-1203(A)(1), -1204(A)(3).  For the lesser included offense of assault, the state merely needed to prove Defendant intentionally, knowingly, or recklessly caused physical injury to another person.  A.R.S. § 13-1203(A)(1).  For the aggravated assault charged in Count 2, the state was required to prove that Defendant intentionally, knowingly, or recklessly assaulted a minor under fifteen years of age. A.R.S. §§ 13-1203(A)(1), -1204(A)(6).

¶6          For Count 1, the state was unable to prove Defendant committed aggravated assault by intentionally, knowingly, or recklessly chipping his nephew's tooth with a headbutt.  The jury instead convicted Defendant of simple assault.  The evidence supported this charge, because the jury saw evidence of the victim's chipped tooth and other injuries and heard testimony from the victim and other family members.  For Count 2, sufficient evidence supported Defendant's conviction for aggravated assault, because of the facts showing assault, and because Defendant's nephew was under the age of 15 at the time of the incident.

¶7          For Counts 3 through 5, the state was required to prove that Defendant committed disorderly conduct by intentionally or knowingly disturbing the peace or quiet of his family by fighting his nephew.  A.R.S. § 13-2904(A)(1).  Specifically, the state was required to prove that Defendant "knowingly disturbed the [victims'] peace."  *State v. Burdick*, 211 Ariz. 583, 585 ¶ 8 (App. 2005).  Here, evidence showed the fight between Defendant and his nephew happened in the presence of Defendant's other nephew, niece, and his sister.  This fight disturbed the peace because it traumatized them.

¶8          The court entered lawful sentences on all counts.  Count 1 was a class 1 misdemeanor under A.R.S. § 13-1203(A)(1), (B).  The sentences for class 1 misdemeanors are a maximum of six months imprisonment.  A.R.S. § 13-707(A)(1).  Here, the suspended sentence was incarceration for 120 days, which is less than the presumptive sentence of six months.  Count 2

was a class 6 felony under A.R.S. §§ 13-1203(A)(1), -1204(A)(6), (F). For first time felony offenders, the sentences for class 6 felonies fall between 4 months and 2 years imprisonment. A.R.S. § 13-702(D). For Count 2, Defendant was also given a suspended sentence of incarceration for 120 days, which was the low end of the presumptive range. Counts 3 through 5 were class 1 misdemeanors under A.R.S. § 13-2904(A)(1), (B). As noted, class 1 misdemeanors are subject to sentences that carry a maximum of six months imprisonment. A.R.S. § 13-707(A)(1). Defendant's suspended sentence of 120 days fell below that range. The state also alleged, and the jury found, that the victim suffered physical, emotional, or financial harm as to Count 2. While this is an aggravating factor set forth in A.R.S. § 13-701(D), because A.R.S. § 13-702(B) requires the state to prove at least two aggravating factors to aggravate a sentence (which it did not do), this factor had no bearing on Defendant's sentence. The court did not err in suspending Defendant's sentence and placing him on three years of supervised probation.

## CONCLUSION

**¶9**        We affirm Defendant's convictions and sentence.

**¶10**        Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Unless upon review counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Defendant of the status of this appeal and his future options. *Id.* Defendant has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). On the court's own motion, Defendant has 30 days from the date of this decision in which to file a motion for reconsideration. *See* Ariz. R. Crim. P. 31.20(c). A timely motion for reconsideration will extend the deadline to file a petition for review. *See* Ariz. R. Crim. P. 31.21(b)(2)(A).



AMY M. WOOD • Clerk of the Court
FILED:    AA

4