NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ELIZABETH HALEY BROWN, *Petitioner*.

No. 1 CA-CR 14-0567 PRPC
FILED 10-13-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2011-162716-001
The Honorable Christine E. Mulleneaux, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Elizabeth Haley Brown, Goodyear
*Petitioner*

**MEMORANDUM DECISION**

Judge John C. Gemmill[1] delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

**G E M M I L L**, Judge:

¶1      Petitioner Elizabeth Haley Brown petitions this court for review of the dismissal of her petition for post-conviction relief. We have considered the petition for review and, for the following reasons, grant review but deny relief.

¶2      A jury convicted Brown of possession or use of dangerous drugs and possession of drug paraphernalia. The trial court sentenced Brown to an aggregate term of ten years' imprisonment and we affirmed her convictions and sentences on direct appeal. Brown now seeks review of the summary dismissal of her first petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes section 13-4239(C) (2010).

¶3      The petition for review properly presents two issues. Brown's trial counsel filed a motion to suppress the drugs and drug paraphernalia seized from Brown during a search incident to her arrest for a traffic violation. Brown argues counsel was ineffective when he failed to include an argument that the search was too invasive. Brown further argues her counsel was ineffective when he failed to inform her of the date and time of the suppression hearing early enough to allow her to arrange for witnesses to attend and testify.

¶4      To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a

---

[1]    The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

probability sufficient to undermine confidence in the outcome." *Id.* Finally, strategic choices of counsel "are virtually unchallengeable." *Strickland*, 466 U.S. at 690-691.

**¶5**        We grant review but deny relief. Regarding the motion to suppress, Brown's counsel argued in his motion that the search incident to the arrest was illegal because there was no probable cause for the arrest. Decisions regarding which grounds to allege in a motion to suppress are matters of trial strategy. Unsuccessful yet valid determinations of trial strategy are not ineffective assistance of counsel. *See State v. Valdez*, 160 Ariz. 9, 15 (1989). Further, to show prejudice from counsel's failure to file a motion to suppress, a defendant must also show there is a reasonable likelihood the trial court would have granted the motion. *State v. Berryman*, 178 Ariz. 617, 622 (App. 1994) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). Brown has failed to show there is a reasonable likelihood the trial court would have granted a motion to suppress based on Brown's subjective belief that the search was too invasive because a female police officer asked her to remove her bra from under her shirt as she stood on the side of a public street while two male officers stood nearby. Brown cites no authority in her petition for review that provides such circumstances warrant suppression of the evidence. For these reasons, Brown has failed to present a colorable claim of ineffective assistance based on the failure to argue additional grounds in the motion to suppress.

**¶6**        Regarding the alleged failure to timely inform Brown of the date and time of the suppression hearing, Brown was present in the courtroom with her counsel when the trial court set the date and time of the hearing. Therefore, Brown has failed to present a colorable claim of ineffective assistance based on the failure to timely inform her of the date and time of the hearing.

**¶7**        While the petition for review presents a number of additional issues, including many new claims of ineffective assistance of counsel, Brown did not raise those issues in the petition for post-conviction relief she filed below. A petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶8          We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA