[No. 6582–1.   Division One.   June 11, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. BOBBY TIDWELL, *Appellant.*

*Brian D. Gain* of *Eastside Defender Association, Berkey & Kooistra,* and *Brad Kooistra,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gary Locke, Deputy,* for respondent.

JAMES, J.—Defendant Bobby Tidwell was convicted at bench trial of violating the Uniform Controlled Substances Act, RCW 69.50.401. We affirm.

The facts are not in dispute. Police officers were executing a search warrant at a motel unit in Seattle. While the search was in progress, Tidwell arrived. As he opened the motel unit door with a key, he was advised by a police officer to "hold it." Tidwell stepped back outside and to the side of the doorway. As he did so, a police officer saw him

throw two small paper sacks into the bushes. The officer retrieved the paper sacks. Their contents could not be ascertained without opening them. Upon inspection, the officer found that one bag contained two envelopes of a powdered substance. Tidwell was arrested on suspicion of possessing a controlled substance. Subsequent laboratory investigation showed that one of the envelopes contained heroin.

Tidwell moved to suppress the heroin on the ground that there was insufficient information to justify the issuance of a search warrant. The trial judge concluded that Tidwell did not have standing to object to the search, that he had abandoned the paper sacks, and that there was sufficient information to justify the issuance of the search warrant. Tidwell appeals from the denial of his motion.

Tidwell contends that he has standing to object to the search of the motel under any of three different theories. We do not agree.

First, an accused can object to an allegedly unlawful search of a premises if he "has a legitimate expectation of privacy" in the invaded place. *Rakas v. Illinois,* 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978). Although Tidwell had a key to the motel unit, there is no other evidence in the record which establishes that the unit was registered in his name or that he occupied it. Under these circumstances, Tidwell had no "legitimate expectation of privacy" in the motel unit.

Second, Tidwell asserts that he has standing because he is "the person against whom the search was almost certainly directed." *State v. Hink,* 6 Wn. App. 374, 492 P.2d 1053 (1972). The affidavit for the search warrant stated that the search was directed at a black male named "Country." Tidwell is black. However, nothing in the record shows that Tidwell was known as "Country." Moreover, at the time of his arrest, Tidwell was in the company of three other individuals, at least one of whom was male.

Third, Tidwell asserts that he has automatic standing because possession of the seized heroin is an element of the

crime charged. *Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, 78 A.L.R.2d 233 (1960). Tidwell's reliance upon *Jones* is misplaced. The heroin was not found in the motel unit during the search of the unit.

Tidwell next contends that the trial judge erred in concluding that he had voluntarily abandoned the paper sacks. He reasons that the initial illegality of the search tainted the seizure of the sacks "since the throwing was the direct consequence of the illegal entry." *Fletcher v. Wainwright,* 399 F.2d 62, 64 (5th Cir. 1968). We do not agree.

Because Tidwell has no standing to question the presence of the police in the motel unit, he has no standing to claim his abandonment of the contraband was a direct consequence of the police presence. The officers had the right to briefly detain Tidwell and determine his purpose in coming onto the searched premises. Tidwell's attempt to discard the brown bag containing the contraband by dropping it into some bushes amounted to an abandonment. The officer had a legitimate right to retrieve it. The trial judge did not err in admitting the evidence. *State v. Serrano,* 14 Wn. App. 462, 544 P.2d 101 (1975); *State v. Davis,* 12 Wn. App. 32, 527 P.2d 1131 (1974).

We do not decide whether the issuance of the search warrant was based on sufficient information.

Affirmed.

ANDERSEN and RINGOLD, JJ., concur.