875 P.2d 850

STATE of Arizona, Respondent,

v.

John William BERRYMAN, Petitioner.

No. 1 CA–CR 93–0395–PR.

Court of Appeals of Arizona,
Division 1, Department B.

March 15, 1994.

As Corrected April 6, 1994.

Review Denied June 28, 1994.

William J. Ekstrom, Jr., Mohave County Atty. by Robert R. Moon, Deputy County Atty., Kingman, for respondent.

John William Berryman, petitioner in pro. per.

## OPINION

CONTRERAS, Judge.

In this petition for review under Rule 32, Arizona Rules of Criminal Procedure ("Rule(s)"), we deny relief on petitioner's claims of ineffective assistance of trial counsel. We hold that the state is not required, as an element of the offense of misconduct with weapons, to disprove the existence of statutory exceptions to the definitions of "firearm" and "prohibited weapon."

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted John William Berryman ("defendant") of one count of misconduct with weapons, a class 4 felony, for possessing a prohibited weapon, a sawed-off rifle. *See* Ariz.Rev.Stat.Ann. ("A.R.S.") sections 13–3101(6)(d) and –3102(A)(3) (1989 and supp. 1993). Following the verdict, defendant admitted two prior felony convictions, which the court treated as a single conviction for purposes of sentence enhancement. The court sentenced defendant to imprisonment for the presumptive term of six years. On direct appeal, we affirmed his conviction and sentence. (Memorandum decision, 1 CA–CR 91–1354, filed 2/16/93.)

In October 1992, defendant filed a Rule 32 petition. Defendant alleged that his trial

counsel rendered ineffective assistance by failing to (1) challenge the state's failure to establish that the rifle was operable and unregistered; (2) file a motion to suppress evidence seized from his motel room and his car; (3) call his wife, Pamela Berryman, as a witness at trial; (4) adequately research and prepare the case for trial; (5) keep defendant informed of his progress; and (6) inform defendant that he could testify before the grand jury. Defendant also contended that the court improperly enhanced the sentence with a prior conviction. The trial court held an evidentiary hearing at which trial counsel, Pamela Berryman, and Kingman police officer Allen D. Pashano testified.

Most of the testimony at the hearing related to defendant's claim that counsel failed to file a meritorious motion to suppress evidence illegally seized by the police from defendant's motel room and automobile. Officer Pashano testified that, on December 6, 1990, police responded to a report that an aggravated assault had occurred at the Silver Queen motel. Two men told officers that approximately one hour earlier they had gone to Room 133 of the motel to obtain repayment of a debt owed by a man named John. During the confrontation with John outside the motel room, the men said he produced an automatic weapon from the trunk of his car and fired several bursts toward them from close range. The men provided officers with the license plate number and description of a car parked outside the room.[1]

Police arrived at the Silver Queen approximately one and one half hours after the shooting occurred. They checked the registration on a car parked outside Room 133 and learned defendant was the registered owner. A police dispatcher called the motel room; a woman answered and was asked to step outside to speak with the officers. The woman, Pamela Berryman, told police she was staying in the motel room with her daughter and grandchildren. She denied knowing defendant. When confronted with the fact that defendant was the registered owner of the car, she claimed that she had

---

1. This exhibit, Pashano's police report, was ad- mitted at the evidentiary hearing as Exhibit E.

borrowed the car. The officers nevertheless entered the room and found defendant hiding, fully clothed, in a shower stall. The officers handcuffed and removed defendant from the room. They arrested Pamela Berryman on a charge of hindering prosecution and removed her from the room as well.

Officers searched the room. Beneath the box spring of one of the two beds, they discovered a .22 caliber rifle, sawed-off to a length of less than 26 inches. Subsequently, police searched the trunk of defendant's car and found a shotgun. Both the rifle and shotgun were introduced as exhibits at trial.

At the conclusion of the Rule 32 hearing, the trial court found defendant had not established his claims of ineffective assistance of counsel and that the issue of improper enhancement of his sentence had been waived by defendant's failure to raise it in the appeal. The court denied the petition. Pursuant to Rule 32.9(c), defendant filed a petition for review by this court, preserving the issues litigated at the evidentiary hearing.

## DISCUSSION

 Defendant bears the burden of proving his claims for post-conviction relief by a preponderance of the evidence. Rule 32.8(c). To establish ineffective assistance of counsel, he must show (1) deficient performance by counsel and (2) resultant prejudice, in the form of a "reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985). A trial court need not address both aspects of the inquiry if defendant makes an insufficient showing on one. *Id.* We examine a trial court's findings of fact after an evidentiary hearing to determine if they are clearly erroneous. *State v. Cuffle*, 171 Ariz. 49, 51, 828 P.2d 773, 775 (1992).

2. A *Willits* instruction usually states:
 If you find that the plaintiff, the State of Arizona, has destroyed, caused to be destroyed, or allowed to be destroyed any evidence whose

## OPERABILITY AND REGISTRATION OF PROHIBITED WEAPON

At the evidentiary hearing, it was defendant's position that counsel rendered ineffective assistance at trial by failing to elicit from the investigating officers that they had not determined whether the rifle found under the bed was operable or was registered with the United States Treasury Department. Defendant contended that the officers' admission that they failed to carry out this investigation would have entitled him to an instruction, based on *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964), informing the jury that they could infer facts against the state's interest.[2] At the evidentiary hearing, Pashano confirmed that the police never checked the rifle for operability or to determine if it was registered, and neither side offered evidence of either fact.

Defendant's argument focuses on A.R.S. section 13–3101, the definitional section of Chapter 31, A.R.S., governing weapons offenses. In pertinent part, section 13–3101 states:

4. *"Firearm"* means any loaded or unloaded pistol, revolver, rifle, shotgun or other weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive, except that it *does not include a firearm in permanently inoperable condition.*

\* \* \* \* \* \*

6. "Prohibited weapon" means, ... any:

\* \* \* \* \* \*

(d) ... firearm made from a rifle or shotgun which, as modified, has an overall length of less than twenty-six inches; ...

\* \* \* \* \* \*

The items as set forth in subdivisions (a), (b), (c) and *(d)* of this paragraph *shall not include any such firearms* or devices *registered in the national firearms registry and transfer records of the United States treasury department* or any firearm which

contents or quality are in issue, you may infer that the true fact is against their interest.
*Willits*, 96 Ariz. at 187, 393 P.2d at 276.

has been classified as a curio or relic by the United States treasury department. (emphasis added).

■ The trial court found, however, that the statutory exception quoted above did not create an element of the offense which the state was required to prove. Rather, the judge reasoned, these statutory "exclusions" permitted a person charged under the statute to introduce evidence of inoperability or of registration as an affirmative defense at trial. A logical extension of this reasoning might be that a competent defense attorney would have at least investigated these two affirmative defenses. Defendant, however, produced no evidence at the evidentiary hearing to show either that the weapon in fact was inoperable or was registered. The trial court ruled that defendant, therefore, had failed to demonstrate that counsel's assistance had been ineffective. Defendant's allegation that the outcome of his trial would have been different because one or the other defense might have been available is simply too speculative. Proof of counsel's ineffectiveness must be a demonstrable reality and not mere speculation. *State v. McDaniel,* 136 Ariz. 188, 198, 665 P.2d 70, 80 (1983).

■ Furthermore, the trial court's interpretation of the definitional statute, which is dispositive of defendant's claim, was correct. In *State v. Rosthenhausler,* 147 Ariz. 486, 490–93, 711 P.2d 625, 629–31 (App.1985), Division Two of this court considered an argument that the state was required to prove, as an element of aggravated assault premised on the use of a firearm, that the weapon was not permanently inoperable. The statutory provision at issue, A.R.S. section 13–105(12), defined "firearm" in terms virtually identical to those found in section 13–3101(4). The court concluded that the state was not required to prove operability as an element of the offense, stating:

We do not believe that by "excepting" from the definition of "firearm" weapons which are in a permanently inoperable condition, the legislature intended that the state be required to prove the non-existence of the exception. That is, the state is not required to prove that the weapon is *not* permanently inoperable to establish a

prima facie case. The legislature has chosen to provide an "exception"; however, the burden is upon appellant to come forward with evidence establishing a "reasonable doubt" as to the operability of the firearm. The state is not relieved of proving the elements of the offenses charged; however, the state need not disprove beyond a reasonable doubt appellant's affirmative defense of permanent inoperability of the firearm.

147 Ariz. at 493, 711 P.2d at 632 (emphasis in original). Our supreme court subsequently endorsed this holding. *State v. Valles,* 162 Ariz. 1, 7, 780 P.2d 1049, 1055 (1989); *State v. Littles,* 156 Ariz. 5, 8 n. 4, 749 P.2d 914, 917 n. 4 (1988), *overruled on other grounds State v. Burge,* 167 Ariz. 25, 28, 804 P.2d 754, 757 (1990). The same analysis applies here.

■ Similar reasoning governs defendant's claim that the state was required to prove that the rifle was not registered with the United States Treasury Department. By excepting certain registered firearms from the definition of prohibited weapons, the legislature did not intend to create non-registration as an element of the offense.

Our conclusion finds support in cases, decided under prior statutes, holding that the state was not required to disprove the existence of exceptions to a statute prohibiting the possession of dangerous drugs. *State v. Jung,* 19 Ariz.App. 257, 262, 506 P.2d 648, 653 (1973); *State v. Quandt,* 17 Ariz.App. 33, 34, 495 P.2d 158, 159 (1972). The structure of the statutes analyzed in those cases was similar to those at issue in *Rosthenhausler* and here. The exemption of various licensees from prosecution was specified in a definitional section distinct from the section enumerating the substantive offenses. *See* former A.R.S. §§ 32–1964 and –1975 (1969 supp.). This supports the conclusion that the "exception is a matter of defense where it is not an ingredient of the offense." *Jung,* 19 Ariz.App. at 262, 506 P.2d at 653. *See also United States v. Henry,* 615 F.2d 1223, 1234–35 (9th Cir.1980) ("The well-established rule is that a defendant who relies upon an exception to a statute made by a proviso or a distinct clause, whether in the same section of the statute or elsewhere, has the burden of

... showing that he comes within the exception.").

Under this analysis, the trial judge properly concluded that defendant failed to show that trial counsel was ineffective. Defendant had to prove the existence of statutory exceptions, and thus, the police were not obligated to acquire evidence to help him do so. *See State v. Rivera,* 152 Ariz. 507, 511, 733 P.2d 1090, 1094 (1987) ("Generally, the State does not have an affirmative duty to seek out and gain possession of potentially exculpatory evidence."); *State v. Walters,* 155 Ariz. 548, 551, 748 P.2d 777, 780 (App.1987). The fact that the officers had not tested the weapon nor sought to determine registration did not call for a *Willits* instruction. Furthermore, absent any showing that the weapon was in fact inoperable or registered, and thus that an affirmative defense could have been raised and was not, defendant failed to prove his counsel had been ineffective in not pursuing this line of inquiry.

## MOTION TO SUPPRESS

In his Rule 32 petition, defendant argued: (1) that the officers' warrantless entry into the motel room to arrest him was invalid because it was neither based on probable cause nor supported by exigent circumstances; (2) that the arrest was invalid because the officers had not complied with the "knock and announce" statute, A.R.S. section 13–3891; (3) that the search beneath the box springs of the bed was unlawful in the absence of a warrant; and (4) that the search of the trunk of his car was similarly invalid.

The state disputed each of these contentions and additionally argued that the searches were lawful because the investigating officers had a good faith belief in their authority to conduct them. The state contended that trial counsel's decision not to file a motion to suppress was tactically justified because he could not establish that defendant had standing to contest the search of the motel room; finally, the state argued that police had probable cause to believe a weapon would be found in the car and that an

inventory search after the arrest of both defendant and his wife would have produced the weapon in any event.

The trial judge correctly determined that, to show prejudice from ineffective assistance of counsel, defendant was required to show a reasonable likelihood that a motion to suppress would have succeeded. *See Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986); *State v. Kasten,* 170 Ariz. 224, 229, 823 P.2d 91, 96 (App.1991).[3] In denying relief on this claim, the trial judge focused on the issue of standing. He stated:

> In order to prevail on the motion to suppress, [trial counsel], first of all, would have had to establish that the Defendant had some sort of standing and I have to assume that the evidence which could have been presented on any such motion is basically the evidence which has been presented to me.
>
> *That evidence would have included the fact that the Defendant, if I understand it correctly, was in a motel room which was not registered to him.* He would also, I think, have to have at least established some reasonable expectation of privacy that he had in the area that was found under the box springs where the gun was found.
>
> I think there is plenty of evidence on the record that has been presented during this evidentiary hearing to indicate that it is Defendant's position that he did not have any expectation of privacy in that area. *He has not indicated he was a registered guest in this motel and my initial feeling would be that if this case had gone to a suppression hearing, I would have been compelled to rule that the Defendant had no standing.*

(emphasis added.)

"The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas*

---

**3.** We also recognize that defendant must show that, if the motion to suppress were granted, it would have changed the result at trial. *Kimmel-* *man,* 477 U.S. at 375, 106 S.Ct. at 2582. We presume that a successful motion to suppress the rifle would have been case-dispositive.

*v. Illinois,* 439 U.S. 128, 131 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387 (1978). The trial judge's finding was supported by Pashano's testimony that the motel registration desk informed police that Room 133 was registered in the name of Nance. Pamela Berryman explained that she and defendant registered under an assumed name to protect the privacy of a woman and two children who accompanied them. According to Mrs. Berryman, that woman sought to avoid detection by her mother, who was attempting to win custody of the children.

Defendant argues that his wife's testimony permitted the trial court to infer that he had a possessory interest in the motel room and, hence, standing to challenge the search. The fact that Pamela Berryman offered the explanation, however, did not compel the court to accept it. *Cf. United States v. Carr,* 939 F.2d 1442, 1444–45 (10th Cir.1991) (trial court's finding that defendant lacked standing to contest search of motel room upheld; room registered in the name of another); *State v. Tidwell,* 23 Wash.App. 506, 597 P.2d 434, 436 (1979). Defendant presented no corroboration for his wife's claim that they registered under an assumed name. Faced with a conflict in the evidence, the court could properly conclude that Nance, not defendant and his wife posing as Nance, was the registered occupant of the motel room. The determination that defendant lacked standing was not clearly erroneous. *See Moore v. Title Ins. Co. of Minnesota,* 148 Ariz. 408, 413, 714 P.2d 1303, 1308 (App.1985) (finding of fact cannot be clearly erroneous if substantial evidence supports it, even though substantial conflicting evidence also exists).

Defendant presented no other facts to support a claim of standing. While standing could stem from an interest in seized property, *United States v. Jeffers,* 342 U.S. 48, 52–54, 72 S.Ct. 93, 95, 96 L.Ed. 59 (1951), defendant consistently disclaimed any knowledge or ownership interest in the rifle seized from beneath the bed. Defendant's failure to demonstrate at the evidentiary hearing that he had standing to suppress the evidence seized was fatal to his claim that his attorney's performance was deficient.

Regarding the search of the trunk of defendant's car, the trial judge determined that the police had probable cause to believe a weapon might be found and thus that the search was valid. On probable cause, police officers may make a warrantless search of a vehicle. *California v. Carney,* 471 U.S. 386, 392–93, 105 S.Ct. 2066, 2069–70, 85 L.Ed.2d 406 (1985). Probable cause was present here. The men who reported the assault told officers that defendant had produced his weapon from the car trunk. The search of the motel room, which preceded the search of the car, yielded a weapon which did not match the assault victims' description. Under these circumstances, the officers had ample reason to believe that defendant had returned the weapon to the trunk. The trial court did not err in determining that defendant suffered no prejudice because the motion to suppress evidence seized from defendant's car would have been unsuccessful.

### FAILURE TO CALL WITNESS

Defendant contended that counsel rendered ineffective assistance by failing to call Mrs. Berryman as a witness at trial. He maintained that she could have countered police testimony that they went to the motel in response to a report that shots had been fired by a man named John. Defendant suggested that this testimony by the police was damaging because it supported an inference that the weapon hidden under the box spring had been recently used, contrary to his claim that it had been there for an undetermined length of time. Defendant argued that Pamela Berryman would have rebutted that inference by testifying that the weapon that had discharged was the shotgun found in the trunk of defendant's car.

Trial counsel testified at the evidentiary hearing that he decided not to call Mrs. Berryman because he believed that she would make a poor witness. He also said that her testimony was not critical to the defense, which was calculated to emphasize that the weapon could have been placed underneath the bed well before defendant ever had access to the room.

The trial court concluded that defendant was not entitled to relief on this claim be-

cause it found no likelihood that Mrs. Berryman's testimony would have changed the verdict and that trial counsel's decision not to call her had a reasoned basis. Although defendant wanted her testimony to explain why shots had been fired, the judge had limited the trial testimony regarding the firing of shots, rendering that issue collateral to defendant's claim that he never possessed the rifle found under the bed. The judge did not err in determining that defendant suffered no prejudice from his wife's failure to testify.

## REMAINING CLAIMS

The court found no evidence to support defendant's claim that trial counsel failed to adequately prepare or keep defendant informed of the progress of the case. Regarding the allegation that counsel failed to inform defendant that he could testify before the grand jury, the court noted that defendant did not have an absolute right to appear and testify. Defendant also failed to disclose what his testimony would have been and thus how the outcome might have been altered. The judge concluded that he had no basis for finding any resulting prejudice to defendant. Finally, the trial court correctly found that defendant's claim that his sentence had been improperly enhanced by a prior conviction was precluded by defendant's failure to raise it in the appeal. Rule 32.2(a)(3).

We find no error by the trial court in dismissing defendant's petition for post-conviction relief. Therefore, we grant review of the petition but deny the requested relief.

WEISBERG, P.J., and TOCI, J., concur.