NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BRIAN WILLIAMS DESHAWN MURPHY, *Appellant*.

No. 1 CA-CR 15-0806
FILED 2-28-2017

Appeal from the Superior Court in Maricopa County
No. CR2014-122505-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

_____

**J O H N S E N**, Judge:

**¶1**        Brian Williams Deshawn Murphy appeals his conviction and sentence for misconduct involving weapons.  The sole issue on appeal is whether the superior court erred in denying Murphy's motion to suppress evidence found in a search of the car he was driving.  For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        Police officers responded to reports of an incident in Phoenix.[1] Upon their arrival, officers pulled Murphy out of a car and searched it without a warrant, concerned someone might be hiding inside.  They found a rifle in the trunk.

**¶3**        Murphy was charged with misconduct involving weapons and unlawful use of means of transportation.  At the hearing on Murphy's motion to suppress the rifle found in the trunk of the car, the court instructed the parties to focus on the question of Murphy's standing to claim a Fourth Amendment violation.  The State called one of the responding officers as its lone witness. He testified that, after first claiming he borrowed the car, Murphy spontaneously admitted to officers at the scene that he had stolen the car from his girlfriend.  The officer further testified that when Murphy was interviewed a couple of days later, he again acknowledged stealing the car.  The officer also testified that Murphy's girlfriend had told authorities that someone had taken the car without permission.  The court also admitted an affidavit signed by Murphy's girlfriend, reporting the car stolen.  Murphy introduced no evidence.  The court made the following finding:

> The Court finds that based upon [the girlfriend's affidavit], as a business record, the vehicle being reported

_____

[1]        We review the facts in the light most favorable to sustaining the superior court's ruling.  *State v. Jean*, 239 Ariz. 495, 497, n.1 (App. 2016).

stolen, the Court finds also while the defendant's first statement was that he borrowed the vehicle, his later statement that he had stolen the vehicle is, in my mind, equivalent to an abandonment, so the Court finds that Mr. Murphy does not have standing to argue the search of the vehicle.

Separate, the Court finds that the officer's belief that they could open the trunk as a [Terry] stop, a good faith belief that the Court would believe, is a mistake of law under Arizona [v.] Hicks. There is a U.S. Supreme Court case that came out this year, that talked about mistake of law of good faith by the police officers, not requiring exclusion.

So for the separate reasons, one lack of standing, two, abandonment, and three, good faith, on the part of the police officers that an otherwise reasonable search, the Court would deny the motion to suppress the seizure of the rifle from the trunk.

**¶4** Separate juries acquitted Murphy of unlawful use of means of transportation and found him guilty on one count of misconduct involving weapons. The court sentenced him to a 12-year prison term.

**¶5** Murphy timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033(A) (2017).[2]

## DISCUSSION

**¶6** When the superior court has made findings of fact after an evidentiary hearing, on review we consider whether the findings are clearly erroneous. *State v. Berryman*, 178 Ariz. 617, 620 (App. 1994). We review the court's evidentiary rulings for abuse of discretion. *State v. Garcia*, 224 Ariz. 1, 11, ¶ 32 (2010). We review a superior court's ruling on a motion to suppress based solely on the evidence presented at the suppression hearing. *State v. Newell*, 212 Ariz. 389, 396, ¶ 22 (2006).

**¶7** In opposing a pretrial motion to suppress evidence, the State has the burden of proving, "by a preponderance of the evidence, the lawfulness in all respects of the acquisition of all evidence which the

---

[2] Absent material revision after the date of an alleged offense, we cite a statute's current version.

prosecutor will use at trial." Ariz. R. Crim. P. 16.2(b). In order to prevail on a motion to suppress, however, the defendant must show that the search or seizure violated *his own* Fourth Amendment rights. *Rakas v. Illinois*, 439 U.S. 128, 130, n.1 (1978); *see Berryman*, 178 Ariz. at 622 (defendant must show "some sort of standing").

**¶8** Murphy argues that because a jury ultimately acquitted him of stealing the car, we must reverse the superior court's ruling that he lacked standing to challenge the constitutionality of the search. Murphy, however, offered no evidence in support of his motion to suppress to satisfy his obligation to prove his standing to challenge the search. *See Rakas*, 439 U.S. at 148 (defendants who asserted "neither a property nor a possessory interest" in automobile could not complain their constitutional rights were violated when it was searched).

**¶9** In any event, Murphy's argument disregards the fact that the State's burden of proof at a suppression hearing – by a preponderance of the evidence, Arizona Rule of Criminal Procedure 16.2(b) – is a lower burden than its burden at trial – beyond a reasonable doubt, *State v. Carreon*, 210 Ariz. 54, 64, ¶ 46 (2005) (quoting *United States v. Gaudin*, 515 U.S. 506, 510 (1995)). The superior court found the evidence the State presented at the suppression hearing was sufficient, by a preponderance of the evidence, to demonstrate Murphy lacked an interest in the car sufficient to establish his standing to challenge the search. The court's ruling was supported by the officer's testimony that Murphy twice admitted the car was stolen and that Murphy's girlfriend reported the car stolen, along with the stolen-vehicle affidavit signed by Murphy's girlfriend. Because the court's finding that the car was stolen was not clearly erroneous, the court did not abuse its discretion in ruling that Murphy lacked standing to challenge the search of the car.

**CONCLUSION**

¶10      For the foregoing reasons, we affirm Murphy's conviction and resulting sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA