NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TEDDY LEE LOWE, *Petitioner*.

No. 1 CA-CR 18-0490 PRPC
FILED 12-20-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2013-004359-001
The Honorable Susanna C. Pineda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Ballecer & Segal LLP, Phoenix
By Natalee E. Segal
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1 Petitioner Teddy Lee Lowe petitions this court to review the denial of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

## BACKGROUND

¶2 Lowe pled guilty to one count of possession of narcotic drugs for sale and one count of misconduct involving weapons with a stipulation that he would be incarcerated for no more than the presumptive terms of 5 and 2.5 years, to be served concurrently. The plea agreement stipulated that if Lowe failed to appear at sentencing, the court could disregard the stipulated sentence and impose any lawful sentence. The court reviewed this provision with the defendant, warning that if he failed to appear at sentencing, there was a "good chance" that he would be sentenced to 12.5 years. Lowe did not appear on the day of sentencing, but counsel relayed to the court a message from Lowe's girlfriend that he was in the hospital. The court issued a bench warrant. A few days later, Lowe checked out of the hospital against the advice of the physician but did not present himself to the court nor did he turn himself in to law enforcement. Twenty days after he missed his sentencing hearing, Lowe was arrested by law enforcement with new charges unrelated to the bench warrant. The court proceeded to sentence Lowe to the maximum sentence of 10 years' imprisonment for possession of narcotic drugs for sale and the presumptive term of 2.5 years' imprisonment for misconduct involving weapons, to be served consecutively.

¶3 Lowe filed a timely petition for post-conviction relief of-right *in propria persona* after his counsel found no colorable claims for relief. The superior court summarily dismissed the petition, and Lowe sought review. We granted relief, in part, regarding Lowe's claim of ineffective assistance of counsel at sentencing and remanded for proceedings consistent with that decision. *State v. Lowe*, 1 CA-CR 15-0425 PRPC, 2017 WL 1406320, at *2, ¶ 10-11 (Ariz. App. Apr. 20, 2017) (mem. decision). On remand, the court

reviewed supplemental briefs and held an evidentiary hearing. The court found that Lowe was not entitled to relief and dismissed his petition for post-conviction relief. Lowe then filed this timely petition for review.

## DISCUSSION

**¶4** Lowe contends that counsel's deficient performance at sentencing caused the superior court to impose a significantly lengthier aggregate term of imprisonment. Specifically, Lowe claims that counsel's failure to file a motion to quash the bench warrant, to obtain additional documentation related to Lowe's hospitalization on the day of sentencing, and to communicate with Lowe caused him prejudice. Lowe further argues fundamental fairness requires that we remand this case for resentencing in accordance with the stipulations in the plea agreement.

**¶5** In a post-conviction relief proceeding, the purpose of an evidentiary hearing is to allow the superior court "to receive evidence, make factual determinations, and resolve material issues of fact." *State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 31 (2012). We review the court's findings of fact after an evidentiary hearing to determine if they are clearly erroneous. *State v. Berryman*, 178 Ariz. 617, 620 (App. 1994). It is for the superior court to resolve conflicting testimony and to weigh witness credibility. *State v. Alvarado*, 158 Ariz. 89, 92 (App. 1988).

**¶6** To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding" because "[v]irtually every act or omission of counsel would meet that test." *Strickland*, 466 U.S. at 693. A reviewing court cannot simply second-guess defense counsel's strategic decisions and "must be very cautious in deeming trial counsel's assistance ineffective." *State v. Pandeli*, 242 Ariz. 175, 181, ¶¶ 7-8 (2017).

**¶7** At the evidentiary hearing on remand, the court addressed the narrow issue of whether Lowe's counsel was ineffective by failing to file a motion to quash the bench warrant based on Lowe's hospitalization on the day of sentencing. Both Lowe and his counsel testified that in addition to the court's warning, counsel repeatedly warned Lowe of the consequences for failing to appear for sentencing. Counsel testified that on the day prior to the hearing, he received a call from Lowe's girlfriend

informing him that his client "was not feeling well" and may not be able to appear for sentencing. Lowe testified that on the morning of sentencing, his girlfriend took him to the hospital, but he could not remember details because he was "so intoxicated." He explained that after entering into the plea agreement, he abused alcohol and prescription pills to help with back and leg pain. Lowe was eventually admitted to the hospital for rhabdomyolysis, depression, and alcohol withdrawal. Although the complete medical records show that Lowe was admitted to the hospital after the sentencing hearing, he claimed that he was in the waiting room "all morning."

¶8        When Lowe failed to appear at sentencing, counsel informed the court that Lowe was being transported to the hospital and asked for a continuance, which the court denied. The court issued a bench warrant. Counsel testified that he called all phone numbers in his possession that were associated with his client and left messages related to the bench warrant, but Lowe never returned his calls.

¶9        Sometime after the hearing, Lowe's girlfriend called counsel, who told her that Lowe needed to contact him and provide copies of the medical records so he could file a motion to quash the bench warrant. Lowe did not provide counsel with his complete medical records, nor did he contact counsel to provide HIPAA authorization. The only information Lowe provided his attorney was the one-page document, which stated that Lowe was not admitted to the hospital until after the time set for sentencing.[1] Although Lowe claimed he and his girlfriend both spoke with counsel, he admitted he did not own a phone, he was not in regular contact with counsel, and he did not self-surrender to the court. Lowe also acknowledged that counsel told his girlfriend to have him contact the court and gave them the court's phone number.

¶10        Counsel testified on remand that because he had not successfully made contact with Lowe, he believed it unwise to file a motion to quash the bench warrant and reset sentencing when he could not verify that Lowe would appear. Counsel eventually received notification that

---

[1]        The original sentencing was set for April 9, 2014 at 8:45 a.m. Counsel received a one-page faxed document on April 10, 2014 at 12:51 p.m. stating that Lowe was admitted to the hospital on April 9, 2014 at 8:28 p.m. According to Lowe, his girlfriend faxed this document to both counsel and the superior court.

Lowe was arrested on new charges and they proceeded to sentencing on the earlier matter.

¶11     When Lowe was finally sentenced, counsel gave the superior court the one-page document to verify Lowe's hospitalization and argued he should not be punished for the failure to appear. Lowe admitted at the hearing that he was hospitalized as a result of "drinking and popping Percocet" before his original sentencing date. Lowe further conceded that the only effort he made to "take care of the warrant" was to call the court twice and leave one voicemail. In making its sentencing decision, the court noted that Lowe did not provide "a reasonable or credible explanation as to why he did not self-surrender" when he learned of the bench warrant and the only reason he appeared for sentencing was because he was arrested on a new offense. The court also considered Lowe's extensive criminal history and the nature of the offenses.

¶12     Lowe has not shown that counsel's performance fell below objectively reasonable standards, nor has he demonstrated that counsel's performance caused him prejudice. *See Strickland*, 466 U.S. at 687. First, counsel did not have access to additional documentation showing Lowe was hospitalized at the time of sentencing, despite requesting that information from Lowe through his only successful contact, Lowe's girlfriend. Second, counsel made multiple attempts to contact Lowe with no success and could not verify that Lowe would appear if counsel requested a new sentencing date. Third, Lowe's failure to appear was largely related to his substance abuse and he failed to inform counsel of his status after the bench warrant was issued. Last, the court noted that its sentencing decision was based upon Lowe's failure to self-surrender, his extensive criminal history, and the nature of the offenses.

¶13     Nothing in the record indicates that counsel's failure to file a motion to quash the bench warrant or provide additional medical records would have impacted the court's ultimate sentencing decision. We therefore find that the superior court did not err in finding Lowe failed to demonstrate prejudice.

5

¶14 For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA