NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

CECIL MAC DONALD DOUGLAS, *Petitioner.*

No. 1 CA-CR 18-0636 PRPC
FILED 4-2-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2013-447031-001
The Honorable Gregory S. Como, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Respondent*

Cecil Mac Donald Douglas, Tucson
*Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

J O H N S E N, Judge:

¶1   Cecil Mac Donald Douglas petitions this court for review from the denial of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

### FACTS AND PROCEDURAL BACKGROUND

¶2   Douglas pled guilty to one count of sale or transportation of marijuana, a Class 3 felony. The superior court suspended Douglas's sentence and placed him on three years of supervised probation. The probation department subsequently filed a petition to revoke Douglas's probation, alleging Douglas absconded, left the state without approval and failed to pay required fines and fees. The court appointed him an attorney for the probation proceedings. At the probation violation hearing, Douglas admitted he traveled out of state without prior written approval from his probation officer. The court revoked Douglas's probation and sentenced him to the presumptive term of 3.5 years' imprisonment.

¶3   Douglas filed a timely petition for post-conviction relief of-right *in propria persona* after his counsel found no colorable claims for relief. *See* Ariz. R. Crim. P. 32.1 (authorizing review through an of-right post-conviction relief proceeding for defendants who admit to a probation violation).[1] After an evidentiary hearing, at which Douglas and his prior attorney testified, the superior court denied his petition for post-conviction relief.

¶4   We have jurisdiction of Douglas's petition for review pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes ("A.R.S.") § 13-4239(C) (2019).

---

[1]  Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

**DISCUSSION**

¶5 On review, Douglas asserts a claim of ineffective assistance of counsel in his probation violation proceeding. Douglas argues counsel "coerced" him to admit he traveled out of state without prior approval. Douglas further contends the superior court would have reinstated him to probation if he had admitted only to failing to pay required fines and fees. Douglas asks that we modify his sentence and sentence him to the mitigated term.

¶6 In a post-conviction relief proceeding, the purpose of an evidentiary hearing is to allow the superior court "to receive evidence, make factual determinations, and resolve material issues of fact." *State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 31 (2012). We review the court's findings of fact after an evidentiary hearing to determine if they are clearly erroneous. *State v. Berryman*, 178 Ariz. 617, 620 (App. 1994).

¶7 Though not entitled to a "full-blown trial," a defendant facing revocation of his probation has the right to counsel. *State v. Sanchez*, 19 Ariz. App. 253, 254 (1973). To prevail on a claim of ineffective assistance of such counsel, a defendant must show that the lawyer's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985).

¶8 Here, Douglas has not shown the superior court erred in denying his claim of ineffective assistance of counsel. The record does not support his contention that his counsel in any way forced him to admit to a probation violation. At the probation violation hearing, Douglas testified his admissions were made knowingly and voluntarily, and such statements are binding. *See State v. Hamilton*, 142 Ariz. 91, 93 (1984). Nor does Douglas show any prejudice. Contrary to his contention, the record does not show the court would have reinstated him to probation if he had admitted violating a term other than the out-of-state travel restriction. He asserts that in Maricopa County, defendants "on probation most likely will be reinstated on probation" if they admit failing to pay fines or fees. But he offers no citations to the record, case law or relevant studies for that proposition. *See* Ariz. R. Crim. P. 32.9(c)(4)(B) (petition for review must contain specific citations to the record, material facts, and, if possible, supporting legal authority).

¶9      Because Douglas has not shown ineffective assistance of counsel that caused him prejudice, he is not entitled to relief. *See Strickland*, 466 U.S. at 687.

## CONCLUSION

¶10      For the foregoing reasons, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA