NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

———————————————

STATE OF ARIZONA,
*Respondent*,

*v.*

HECTOR HUGO GARCIA DEL CASTILLO,
*Petitioner*.

No. 1 CA-CR 19-0360 PRPC
FILED 9-1-2020

———————————————

Appeal from the Superior Court in Maricopa County
No. CR2015-156226-001
The Honorable Dean M. Fink, Judge

**REVIEW GRANTED; RELIEF DENIED**

———————————————

COUNSEL

Hector H. Garcia Del Castillo, Tucson
*Appellee*

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**T H U M M A**, Judge:

¶1 Hector Hugo Garcia Del Castillo petitions this court for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure (Rule) 32.9(c).[1] This court grants review but denies relief.

## FACTS AND PROCEDURAL HISTORY

¶2 In December 2015, two police officers noticed a rental car missing its spare tire parked outside the house where Garcia Del Castillo lived. The officers knocked and, after he answered, asked Garcia Del Castillo if they could speak with him. Soon after, the officers asked if they could search the house for drugs. Garcia Del Castillo invited the officers inside and showed them the various bedrooms. While in Garcia Del Castillo's room, the officers noticed a spare tire, a tire iron and a "vacuum sealer, which [police officers] commonly see smugglers using to vacuum seal packages of illegal drugs."

¶3 One of the officers then entered the attached garage and noticed another spare wheel with the tire removed, an industrial roll of plastic wrap and three burrito-shaped packages of contraband. At that point, the officers detained Garcia Del Castillo, obtained a search warrant and found additional contraband including methamphetamine hidden in white cylindrical tubes that could fit inside tires. The officers ultimately seized roughly ten pounds of methamphetamine and cocaine found in the garage and a safe in a spare bedroom.

---

[1] New rules governing post-conviction relief went into effect January 1, 2020. Ariz. S. Ct. Order No. R-19-0012 (Aug. 29, 2019). Because Garcia Del Castillo's petition was filed and decided by the superior court before January 1, 2020, this court cites to the rule then in effect.

¶4 After a four-day trial, where Garcia Del Castillo did not testify or offer any evidence, the jury found him guilty of possession of dangerous drugs for sale and possession of narcotic drugs for sale, both Class 2 felonies. *See* Ariz. Rev. Stat. (A.R.S.) §§ 13-3407, -3408 (2020).[2] The court later sentenced him to two concurrent prison terms, the longest of which was ten years, and imposed $120,000 in fines. On appeal, this court affirmed. *State v. Garcia Del Castillo*, 1 CA-CR 16-0564 (Ariz. App. Sept. 14, 2017) (mem. dec.).

¶5 Following his direct appeal, Garcia Del Castillo timely filed a notice of post-conviction relief, *see* Rule 32(c), and the superior court appointed counsel to represent him. After reviewing the record, counsel found no claims for relief to pursue in post-conviction proceedings. Garcia Del Castillo then proceeded representing himself, arguing his defense lawyer provided ineffective assistance of counsel. The superior court summarily dismissed this petition for post-conviction relief and Garcia Del Castillo timely seeks review of that decision by this court.[3]

## DISCUSSION

¶6 Garcia Del Castillo reiterates three issues he raised with the superior court, arguing his attorney provided ineffective assistance of counsel by failing to (1) allow Garcia Del Castillo to testify at trial; (2) request an instruction pursuant to *State v. Willits*, 96 Ariz. 184, 191 (1964) and (3) file a motion to suppress. This court reviews a decision dismissing a petition for post-conviction relief for an abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219 ¶ 9 (2016). Garcia Del Castillo bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). To show ineffective assistance of counsel, Garcia Del Castillo must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006). A failure to make a sufficient showing on either prong obviates the need to determine whether the other prong was satisfied. *State v. Salazar*, 146 Ariz. 540, 541 (1985); *Bennett*, 213 Ariz. at 567 ¶ 21.

---

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

[3] In February 2020, Garcia Del Castillo filed a "Motion for Expedited Review;" however, because he does not provide any basis for such relief, that motion is denied.

## I. Garcia Del Castillo Failed to Notify the Superior Court of His Desire to Testify at Trial.

¶7 Garcia Del Castillo argues his trial counsel "unilaterally overrode [his] request to testify." The decision of whether to testify at trial is "exclusively the province of the accused." *State v. Nirschel*, 155 Ariz. 206, 208 (1987) (quoting *State v. Lee*, 142 Ariz. 210, 215 (1984)); *see* Ariz. Const. art. 2, § 24. The right to testify, however, is waived if the defendant does not make the desire to testify known to the superior court at trial; it cannot be raised "as an afterthought." *State v. Martin*, 102 Ariz. 142, 147 (1967); s*ee also State v. Prince*, 226 Ariz. 516, 531 ¶¶ 45-47 (2011). Nor is the superior court generally required to make a record of the defendant's waiver of the right to testify. *See State v. Gulbrandson*, 184 Ariz. 46, 65 (1995); *see also State v. Allie*, 147 Ariz. 320, 328 (1985) ("[A] *sua sponte* inquiry by the trial court as to whether a defendant desires to testify is neither necessary nor appropriate.").

¶8 Garcia Del Castillo alleges in his petition and in a declaration that he informed his trial counsel he wanted to testify. However, the trial record reflects no such desire. Garcia Del Castillo made no on-the-record statements that he wished to testify, and he failed to object when his attorney stated the defense would not present any evidence. Indeed, after the court asked "whether the Defense is going to present the case," Garcia Del Castillo had a brief off-the-record conversation with his attorney and then did not object when his attorney told the court that "At this time, Your Honor, the Defendant will not be presenting a case."

¶9 Garcia Del Castillo claims he was confused about the difference between "presenting a case" and "testifying," but the court also stated "we will remove the Defendant's testimony instruction," to which Garcia Del Castillo failed to object. And after the State had rested, the court asked if Garcia Del Castillo had any witnesses or evidence to present, to which his attorney responded that "The Defense rests." Again, Garcia Del Castillo did not object. As noted by the Arizona Supreme Court, "[w]ere defendant's desires to testify in his own behalf as strong and unrelent[ing] as he now claims they were, he would not have maintained his silence throughout the entire trial. He might very easily have directed his request to the court or made motion to have his attorney removed." *State v. Tillery*, 107 Ariz. 34, 37 (1971). Because Garcia Del Castillo did not do so at trial, the superior court did not err in denying his petition based on ineffective assistance of counsel on this ground.

## II.    Garcia Del Castillo Was Not Entitled to a *Willits* Instruction.

**¶10**    Garcia Del Castillo argues his attorney should have requested a *Willits* instruction, because "the State failed to seize/impound evidence potentially helpful to" him, meaning he could not conduct his own DNA or fingerprint tests on "the spare tires/rims . . . and [the] white tubes" filled with narcotics. "[A] defendant is entitled to an adverse-inference instruction when the state loses or destroys evidence that would have been useful to the defense, even if that destruction is innocent." *State v. Glissendorf*, 235 Ariz. 147, 149 ¶ 2, 150 ¶ 7 (2014) (police detective interview recordings destroyed according to then-existing policy meant defendant was entitled to a *Willits* instruction). "To be entitled to a *Willits* instruction, a defendant must prove that (1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *Id.* at 150 ¶ 8 (quotation omitted).

**¶11**    A *Willits* instruction is not appropriate for evidence admitted into evidence, such as the white tubes used to store narcotics, where there is no showing the evidence was lost or destroyed. *See id.* at 150 ¶ 7. Moreover, other than arguing that the State failed to seize and preserve the spare tires and rims allegedly used to hide and transport the narcotics, Garcia Del Castillo does not explain how fingerprint or DNA evidence would tend to exonerate him. Therefore, because Garcia Del Castillo failed to "do more than simply speculate about how the evidence might have been helpful," he has not shown the court abused its discretion in denying his petition on this ground of ineffective assistance of counsel. *Id.* at 150 ¶ 9.

## III.    Garcia Del Castillo Has Not Shown Ineffective Assistance of Counsel Based on the Lack of a Motion to Suppress.

**¶12**    Garcia Del Castillo argues his attorney should have moved to suppress the evidence seized because the officers exceeded the scope of consent by "surreptitiously deviat[ing] from the guided tour [of the house] and enter[ing] the garage without consent." This court requested supplemental briefing addressing (1) the scope of Garcia Del Castillo's consent to search the house and (2) whether the police officers exceeded the scope of that consent by entering into, and searching, the garage before seeking a warrant. *See* Ariz. R. Crim. P. 32.16(k). In his supplemental brief, however, Garcia Del Castillo only asserts the police officers did not have any consent to enter or search the house (which is contrary to the record). Garcia Del Castillo's supplemental brief fails to address whether the police officers exceeded the scope of his consent by entering and searching the

garage. Although the failure to develop an argument can result in waiver, *see State v. Sanchez*, 200 Ariz. 163, 166 ¶ 8 (App. 2001), this court in its discretion will address the merits.

**¶13** In order to establish ineffective assistance of counsel for failure to file a motion to suppress, the first prong of *Strickland* (deficient performance) is satisfied when, "[a]bsent some compelling tactical reason, a lawyer . . . neglects to move to suppress evidence obtained through a questionably legal search." *State v. Fillmore*, 187 Ariz. 174, 181 (App. 1996). The second prong (prejudice) is met where the defendant demonstrates that there is a reasonable likelihood the court would have granted the motion to suppress. *See State v. Berryman*, 178 Ariz. 617, 622 (App. 1994) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).[4]

**¶14** Absent an applicable exception, evidence seized in a warrantless search is suppressed. *State v. Valenzuela*, 239 Ariz. 299, 302 ¶ 10 (2016); *see* U.S. Const. amend. IV; Ariz. Const. art. II, § 8. One such exception to the warrant requirement is where there was valid consent to conduct the search. *Valenzuela*, 239 Ariz. at 302 ¶ 11. "The scope of a consensual search is limited to the scope of the consent given." *State v. Paredes*, 167 Ariz. 609, 612 (App. 1991). The scope of consent is determined by an "objective reasonableness" standard: "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno*, 500 U.S. 248, 251 (1991) (holding that "it was objectively reasonable for the police to conclude that the general consent to search respondent's car included consent to search containers within that car which might bear drugs"); *see State v. Becerra*, 239 Ariz. 90, 93 ¶ 10 (App. 2016) (noting that objective reasonableness "depends on the rational beliefs and knowledge of a reasonable person").

---

[4] For purposes of this discussion, it is presumed that a successful motion to suppress would have changed the outcome of this case. *See Berryman*, 178 Ariz. at 622 n.3.

¶15        At trial, the police officers testified that Garcia Del Castillo invited them inside the house when they asked to look around for drugs.[5] The trial record does not clearly establish the scope of consent and the body camera footage that apparently recorded the consent interaction was lost. Trial testimony by the officers did not focus on the precise scope of consent and, instead, provided a general description:

> Q. And so what happened after [Garcia Del Castillo] let you inside the house . . .
>
> A. I asked him if he had any large amounts of illegal drugs inside the house, and he said he didn't.  And I asked him if he could just show us around the house to make sure that there wasn't anything laying around, large amounts of drugs, and he did.  He walked us down the hallway, and he opened up each bedroom door as we walked down the hallway, and he described to me who stayed in each one of the bedrooms.
>
> . . .
>
> Q. And when you arrived at the house, [Garcia Del Castillo] then gave you a tour of the house?
>
> A. Yes.

The officers also testified that Garcia Del Castillo made no objection to them entering the garage:

> [Q]: Did the defendant give [you] permission to inspect the garage alone?
>
> [OFFICER]: No.
>
> . . .

---

[5] In his supplemental brief, Garcia Del Castillo asserts "the officers were not given permission to enter his home," but does not point to any factual basis for his claim.

Q. [D]id the defendant lead you into the garage?

A. I believe we were in the master bedroom and I asked what was down the hallway, and he said it was the garage. I then walked down towards the garage and went inside.

Q. Okay. Did he come with you during this interaction?

A. I believe he was still in the hallway near the garage, or just on the threshold of the bedroom door, still speaking with [the other officer], as I went into the garage.

Q. Okay. So when he's walking towards the garage or gets in it, does he seem upset with you that you're in there?

A. Not at all.

¶16        Garcia Del Castillo's failure to object or protest when the officer asked about, and then went into, the garage indicates that it was objectively reasonable for the officer to enter and search the garage. *See Jimeno*, 500 U.S. at 251 (defendant failed to place any explicit limit on the scope of the search); *see also Paredes*, 167 Ariz. at 612-13 (failure to object to the continuation of a search is a factor when determining whether the scope of consent was exceeded). Furthermore, once Garcia Del Castillo joined both officers in the garage, he began explaining what was in the garage, never objecting or revoking or limiting the scope of his prior consent. *See Paredes*, 167 Ariz. at 612. During closing arguments, Garcia Del Castillo's trial attorney emphasized that Garcia Del Castillo could have, but did not, revoke or limit his consent generally because he was trying to be helpful:

Not only does he let them in, he gives them a guided tour of the house. At any point during that tour [Garcia Del Castillo] could have said, you know what? I don't want this to go any further. He could have stopped it at any time, but he doesn't. Why? Because he has nothing to hide.

Garcia Del Castillo's failure to object when the officer entered the garage, combined with his failure to address the scope of consent in supplemental briefing when requested by this court indicates that the officers did not exceed the scope of consent when they entered and searched the garage before obtaining a warrant. Therefore, Garcia Del Castillo has not shown the superior court abused its discretion in denying his petition on this ground of ineffective assistance of counsel.

## CONCLUSION

¶17 Accepting review of Garcia Del Castillo's petition, because he has shown no error, relief is denied.

