NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FREDDIE RANDALL LAWSON, *Petitioner*.

No. 1 CA-CR 20-0344 PRPC

FILED 1-26-2021

Petition for Review from the Superior Court in Maricopa County
No. CR2017-100727-002
The Honorable Jose S. Padilla, Judge (retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Freddie Randall Lawson, Safford
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which
Judge Cynthia J. Bailey and Judge Lawrence F. Winthrop joined.

**M c M U R D I E**, Judge:

**¶1**        Petitioner Freddie Randall Lawson petitions this court to review the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**        After rejecting two offers—first to 4.5 years, then 6 years in prison—Lawson pled guilty by plea agreement to misconduct involving weapons with a stipulation to 6.5 years. The superior court followed the terms of the plea and sentenced Lawson to the stipulated term with 93 days presentence incarceration' credit. Lawson timely filed a petition for post-conviction relief, raising ineffective assistance of counsel. *See* Ariz. R. Crim. P. Rule 33.1(a); *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) ("To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant.") (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Lawson alleged that trial counsel failed to review the results of DNA evidence that linked him to the weapons in question before rejecting the 4.5- and 6-year offers. The superior court found the claim to be colorable and conducted an evidentiary hearing. Lawson and his trial counsel testified. Finding trial counsel to be more credible, the court denied Lawson's request to order the State to reinstate its offers and dismissed his petition.

**¶3**        We review the superior court's findings to determine if they are clearly erroneous. *State v. Berryman*, 178 Ariz. 617, 620 (App. 1994). We view the facts in the light most favorable to sustaining the court's ruling and resolve all reasonable inferences against the defendant. *State v. Sasak*, 178 Ariz. 182, 186 (App. 1993) (citing *State v. Atwood*, 171 Ariz. 576, 596 (1992)). Furthermore, the superior court must resolve evidentiary conflicts, including the credibility of witnesses, and we will affirm the court's ruling if it is based on substantial evidence. *Id.* (citing *Atwood*, 171 Ariz. at 597); *State v. Fritz*, 157 Ariz. 139, 141 (App. 1988).

**¶4**        In his petition for review, Lawson again argues trial counsel was ineffective for failing to review the results of the DNA tests with him before he rejected the State's first two offers. Had he known about the DNA results earlier, Lawson claims he would have accepted one of those offers. He also claims that after the DNA results were disclosed, trial counsel was incompetent for failing to keep the 6-year offer open longer while Lawson recuperated from surgery. Lawson argues that the superior court erred by

finding trial counsel more credible than him and not ordering the State to reinstate the prior plea offers.

¶5          During the evidentiary hearing, trial counsel testified that he discussed the DNA results with Lawson multiple times while the 6-year offer was open. Counsel believed that Lawson was not ready to go into custody despite it being a no-win case. Counsel obtained extensions for the plea offer to give Lawson more time, including while he recovered from surgery, but Lawson ultimately rejected the 6-year plea offer against counsel's advice. When Lawson was taken into custody and could not post bail, he finally accepted the State's third plea offer of 6.5 years. The superior court found counsel's testimony to be more credible than Lawson's and counsel's reasoning for Lawson's rejection of the first two pleas plausible. Lawson fails to offer any evidence or testimony to discredit this reasoning other than the self-serving statement that he would have accepted a better offer had he known about the DNA results earlier. We find no error in the court's findings.

¶6          We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA