NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MARK ANTHONY BALDONADO, II, *Petitioner*.

No. 1 CA-CR 22-0207 PRPC
FILED 4-4-2023

Petition for Review from the Superior Court in Mohave County
No.  CR-2019-01208
The Honorable Derek C. Carlisle, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Robert R. Moon
*Counsel for Respondent*

Janelle A. McEachern, Chandler
By Janelle A. McEachern
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

---

**T H U M M A**, Judge:

¶1            Petitioner Mark Anthony Baldonado II seeks review of the superior court's order dismissing his petition for post-conviction relief. For the reasons below, this court grants review but denies relief.

¶2            In 2020, Baldonado pled guilty to first-degree murder. The written plea agreement stated that Baldonado would receive life imprisonment without the possibility of "parole" for 25 calendar years. But at the change of plea hearing, the court explained that parole was no longer available in Arizona and replaced "parole" with "release on any basis" in the written plea agreement. Baldonado acknowledged the changes and, after a proper colloquy, the court found Baldonado's plea knowing, intelligent and voluntary and supported by a factual basis. The court later sentenced Baldonado to life in prison without the possibility of release for 25 years.

¶3            Baldonado filed a petition for post-conviction relief alleging various ineffective assistance of counsel claims. The court held an evidentiary hearing to determine if Baldonado was entitled to relief on his claim that his attorney coerced him into accepting the plea by erroneously advising him that parole was available. Baldonado and his trial attorney testified. Finding Baldonado's trial attorney to be more credible, the court dismissed the petition. This timely petition for review followed.

¶4            To prevail on a claim of ineffective assistance of counsel, the defendant "must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "To establish deficient performance during plea negotiations, a petitioner must prove that the lawyer either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413 ¶ 16 (App. 2000). Factual findings made

after an evidentiary hearing will be affirmed unless shown to be clearly erroneous. *State v. Berryman*, 178 Ariz. 617, 620 (App. 1994).

¶5        Baldonado claims his attorney failed to advise him that parole would not be available if his plea was accepted. While use of the word "parole" in the original plea agreement was incorrect, Baldonado presented no evidence that his attorney's performance was unreasonable or that Baldonado was prejudiced. *See Donald*, 198 Ariz. at 413 ¶ 17 ("A petitioner need not provide detailed evidence, but must provide specific factual allegations that, if true, would entitle him to relief."). Baldonado's attorney testified that he told Baldonado parole was unavailable and, instead, discussed clemency with him. At the change of plea hearing, the court repeatedly told Baldonado that parole was unavailable and that release after 25 years was not guaranteed. In 2020, Baldonado told his attorney and the court that he wanted to accept the plea so he could move out of the Mohave jail. Baldonado also understood that he did not have a strong defense and that he faced harsher penalties if he went to trial. Because Baldonado fails to show that his attorney's performance was unreasonable or that he was prejudiced, he has shown no error.

¶6        This court grants review but denies relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA